R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI 96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail: geshlaw@lava.net

Attorney for Defendant
 Thom Shiraishi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 04-00678 SPK KSC |
| ) | |
| Plaintiff, ) | DEFENDANT THOM SHIRAISHI'S |
| ) | PRETRIAL STATEMENT |
| vs. ) | |
| ) | TW: April 4, 2006 |
| THOM SHIRAISHI; BARBARA ) | |
| SHIRAISHI; DEPT. OF BUDGET ) | |
| AND FISCAL SERVICES, REAL ) | |
| PROPERTY TAX DIVISION, CITY ) | |
| AND COUNTY OF HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| ) | |

shiraishi\pt stmt 020806

**DEFENDANT THOM SHIRAISHI'S PRETRIAL STATEMENT**

(CERTIFICATE OF SERVICE ATTACHED)

COMES NOW Defendant Thom Shiraishi and, pursuant to L. R. 16.6, submits his Pretrial Statement as ordered by the Rule 16 Scheduling Order filed April 15, 2005:

A.   **PARTY:**  This is Defendant Thom Shiraishi's pretrial statement.

B.   **JURISDICTION AND VENUE:**  Not disputed as alleged to be under 28 U.S.C. § 1345.

C.   **SUBSTANCE OF ACTION:**  This is a mortgage foreclosure action in which the Defendant contends that he has numerous defenses as alleged in his Amended Answer filed October 19, 2005.  The defenses are:  general denial; failure to fully fund the loans; Defendant was qualified for homestead protection but Plaintiff refused to go forward and instead proceeded to foreclose the mortgages after the homestead agreement had been executed; Plaintiff cannot foreclose because Defendant was under the Homestead Protection Program; estoppel; contributory negligence; assumption of risk; duress; failure of consideration; fraud; illegality, violating Defendant's due process and equal protection rights; laches; breach of implied covenant of good faith and fair dealing; discrimination; lack of consideration; defrauding Defendant into believing the loans had been fully funded; breach of loan contract.

**D.     UNDISPUTED FACTS:** Plaintiff agreed to loan Defendant $400,000 in two separate loans, one for farm ownership and the other for operation of the farm. Defendant is in default on paying the loans but applied for and was accepted into the Farm Homestead Program but Plaintiff did not go forward with it and instead filed foreclosure action.

**E.     DISPUTED FACTUAL ISSUES:** All other facts appear to be disputed.

**F.     RELIEF PRAYED:** Plaintiff prays for foreclosure of the mortgages and deficiency judgment against Defendant. Defendant prays that the complaint be dismissed, denying Plaintiff any legal or equitable remedy and that Defendant recover his costs and attorney's fees, plus other equitable relief.

**G.     POINTS OF LAW:**

1. 7 U.S.C. § 2000 prohibits proceeding with foreclosure under subparagraph (b) where the borrower applied and met the eligibility requirements for the Homestead Protection.

2. The Government must follow its own statutes and regulations. *Meyers & Meyers, Inc. vs. U. S. Postal Service*, 527 F.2d 1252, 1261-1262 (2nd Cir., 1975); and 7 C.F.R. § 1951.911(b).

3. The Government acted with unclean hands and, therefore, is not entitled to equitable relief of foreclosure. *U. S. vs. Hughes Ranch, Inc.*, 33 F.Supp.2d 1157, 1170-1172 (D. Neb., 1999).

4. Under 7 C.F.R. § 1951.907(d), Plaintiff should not be permitted to foreclose until Defendant appeals the adverse decision. Furthermore, the Government failed to comply with 7 C.F.R. § 1951.907(c), requiring 90-day notice to the borrowers by certified mail, return receipt.

**H.  PREVIOUS MOTIONS:** Plaintiff's motion for summary judgment was denied, and Defendant's motion to amend his answer was granted.

**I.  WITNESSES TO BE CALLED:** Defendant Thom Shiraishi will testify about all of this defenses.

**J.  EXHIBITS, SCHEDULES, AND SUMMARIES:**

Exhibit 1:   Homestead application

Exhibit 2:   July 17, 2001 letter by Defendant to Plaintiff requesting homestead protection

Exhibit 3:   August 1, 2001 advice of Barbara Maitland's address

Exhibit 4:   Divorce decree between Defendants Shiraishi, dated April 1991

Exhibit 5:   October 24, 2001 Farm Loan Manager letter to Defendant

Exhibit 6:   October 30, 2001 letter from Greer to Fong regarding foreclosure proceeding going forward even though homestead protection request

Exhibit 7:   April 3, 2002 Fong letter to Shiraishi, accelerating debt

Exhibit 8:   June 25, 2002 Greer letter to Bazzell regarding foreclosure proceeding in spite of homestead protection being sought

Exhibit 9:   December 31, 2003 Greer letter to Defendant, cancelling sale

Exhibit 10:  January 12, 2004 Defendant letter to Greer, explaining errors and problems he sees with proceedings and trying to resolve it

Exhibit 11:  January 22, 2004 Greer letter to Shiraishi, determining Defendant is eligible for homestead protection

Exhibit 12:  Homestead Protection Agreement signed by Greer and Shiraishi

Exhibit 13:  May 26, 2004 Greer letter to Shiraishi, approving homestead protection request and offer to convey property

Exhibit 14:   June 10, 2004 Bazzell letter to Shiraishi, approving homestead protection

Exhibit 15:   Shiraishi letter to Greer dated June 26, 2004, correcting errors and advising that he wants to appeal the decision adverse to his interests

Exhibit 16:   June 30, 2004 Flores letter to Shiraishi about appeal of denial of homestead protection being unnecessary because account is not in foreclosure

Exhibit 17:   Telephone call memorandum from Government files about Shiraishi explaining the status and that Government advised Defendant to set up an escrow by June 2, 2004

Exhibit 18:   Quit-claim Deed, executed by Barbara Dille, formerly Barbara Lee Shiraishi, quit-claiming her interest to Thom Shiraishi

Exhibit 19:   Defendant's request for production of documents to Plaintiff

Exhibit 20:   Defendant's computations of claimed debt amount based on Plaintiff's calculations and documents

Exhibit 21:   Defendant's request for admissions and answers thereto by Plaintiff, dated January 30, 2006

  **K.** **FURTHER DISCOVERY OR MOTIONS:**  None

  **L.** **STIPULATIONS:**  None

  **M.** **AMENDMENTS, DISMISSAL:**  The City has been dismissed

  **N.** **SETTLEMENT DISCUSSIONS:**  Settlement conference failed in reaching settlement

  **O.** **AGREED STATEMENT:**  None feasible at this time

  **P.** **BIFURCATION SEPARATE TRIAL OF ISSUES:**  Not feasible

  **Q.** **REFERENCE TO MASTER OR MAGISTRATE:**  Not feasible

  **R.** **APPOINTMENT AND LIMITATION OF EXPERTS:**  None

  **S.** **TRIAL:**  This is a bench trial, set for April 4, 2006, before Judge King

  **T.** **ESTIMATED TRIAL TIME:**  Two days, if that

  **U.** **CLAIMS OF PRIVILEGE OR WORK PRODUCT:**  None known at this time, except the Government may claim such and refuse to testify

  **V.** **MISCELLANEOUS:**  Unknown at this time

  DATED:  Honolulu, Hawaii, this 9th day of February, 2006.

            /s/ R. Steven Geshell
            R. STEVEN GESHELL
            Attorney for Defendant
             Thom Shiraishi

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of Defendant Thom Shiraishi's Pretrial Statement was served on the following at their last known addresses:

Served Electronically through CM/ECF:

| Name | Email Address | Date |
|---|---|---|
| Harry Yee, Esq. | yee@usdoj.gov | 02.09.06 |

Served by First Class Mail:  None

Served by Hand Delivery:  None

DATED:  Honolulu, Hawaii, this 9th day of February, 2006.

                                      /s/  R. Steven Geshell
                                R. STEVEN GESHELL
                                Attorney for Defendant
                                 Thom Shiraishi