R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI 96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail: geshlaw@lava.net

Attorney for Defendant
 Thom Shiraishi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 04-00678 SPK KSC |
| ) | |
| Plaintiff, ) | DEFENDANT THOM SHIRAISHI'S |
| ) | PROPOSED FINDINGS OF FACT |
| vs. ) | AND CONCLUSIONS OF LAW; |
| ) | APPENDIX A |
| THOM SHIRAISHI; BARBARA ) | |
| SHIRAISHI; DEPT. OF BUDGET ) | TW: April 4, 2006 |
| AND FISCAL SERVICES, REAL ) | |
| PROPERTY TAX DIVISION, CITY ) | |
| AND COUNTY OF HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| ) | |

shiraishi\proposed fof col  031706

**DEFENDANT THOM SHIRAISHI'S
PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

Pursuant to the Pretrial Order, Defendant Thom Shiraishi hereby submits the Proposed Findings of Fact and Conclusions of Law which are attached hereto, marked Appendix A.

DATED: Honolulu, Hawaii, this 19th day of March, 2006.

    /s/ R. Steven Geshell
R. STEVEN GESHELL
Attorney for Defendant
 Thom Shiraishi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 04-00678 SPK KSC |
| ) | |
| Plaintiff, ) | DEFENDANT THOM SHIRAISHI'S |
| ) | PROPOSED FINDINGS OF FACT |
| vs. ) | AND CONCLUSIONS OF LAW |
| ) | |
| THOM SHIRAISHI; BARBARA ) | TW: April 4, 2006 |
| SHIRAISHI; DEPT. OF BUDGET ) | |
| AND FISCAL SERVICES, REAL ) | |
| PROPERTY TAX DIVISION, CITY ) | |
| AND COUNTY OF HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT THOM SHIRAISHI'S
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came on before The Honorable Samuel P. King for trial on April 4, 2006. Plaintiff was represented by Harry Yee, Assistant U. S. Attorney. Defendant Thom Shiraishi (hereafter, "Defendant") was represented by R. Steven Geshell. Defendant City and County of Honolulu had previously been dismissed pursuant to stipulation. The case was tried to the Court; and, the Court being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law.

APPENDIX A, Page 1

## FINDINGS OF FACT

1. On or about July 20, 1978, Plaintiff loaned Defendant and his then-wife, Barbara Shiraishi, the sum of $98,000 pursuant to a promissory bearing 5% per annum interest.

2. Said July 20, 19878 loan was secured by a real estate mortgage on a four-acre parcel, legally described in the mortgage, on the subject property in Waianae, Hawaii.

3. Said mortgage dated July 11, 1079, was duly recorded in the Bureau of Conveyances of the State of Hawaii.

4. On or about March 29, 1989, the Defendant and his wife signed another promissory note for the sum of $139,216.45 bearing interest at 5% per annum.

5. The aforesaid promissory note was a refinancing of Loan No. 41-01 and was a farm ownership loan.

6. Farm Ownership Loan No. 41-01 became Loan No. 41-06 when it was refinanced in 1989.

7. Farm Ownership Loan No. 41-06 was refinanced in 1996 and changed to Loan No. 41-09.

APPENDIX A, Page 2

8. Farm Ownership (F. O.) Loan No. 41–09 was refinanced in 1999 and became Farm Ownership Loan No. 41-12.

9. The refinancing of the farm ownership loans are represented by promissory notes in Exhibits 101f, 101g, and 101h.

10. On or about October 30, 1986, Plaintiff again loaned Defendant and his wife the sum of $85,000 on a farm ownership loan, which loan became Loan No. 41-03 as a farm ownership loan.

11. F. O. Loan No. 41-03 was refinanced by the Defendants Shiraishi and became Loan No. 41-08 on March 29, 1989.

12. On or about April 11, 1996, the F. O. Loan No. 41-08 was refinanced and became F. O. Loan No. 41-11.

13. On or about April 11, 1996, F. O. No. 41-11 was in the amount of $122,947.94.

14. F. O. Loan No. 41-11 was satisfied by approved debt write-off on December 28, 1999.

15. Exhibit 102c is a copy of the promissory note in the sum of $85,000 bearing interest at 5% per annum, dated October 30, 1986.

16. Said farm ownership loan was made pursuant to a settlement in Civil No. 85-0401 in the First Circuit Court of the State of Hawaii and in Civil No. 85-

0360 in the United States District Court for the District of Hawaii, as shown in Exhibits 224 and 227.

17. The $85,000 farm ownership loan dated October 30, 1986, was secured by a real estate mortgage by Defendants Shiraishi to the Plaintiff on the subject four-acre parcel in Waianae, Hawaii, as evidence by Exhibit 102d, which mortgage was recorded in the Bureau of Conveyances.

18. Exhibit 102e is a copy of the Shiraishi reamortized promissory note dated March 29, 1989, in the sum of $85,000.

19. Exhibits 102f is a copy of the reamortized promissory note dated April 11, 1996, in the sum of $122,947.94, which encompassed Loan No. 41-08, the $85,000 farm ownership loan.

20. F. O. Loan No. 41-09 was refinanced and became Loan No. 41-12 on December 28, 1999, at which time the principal amount of that loan was $230,288.22 according to Exhibit 101c.

21. Defendants Shiraishi were are default on repayment of the farm ownership loans as aforesaid and have been for many years.

22. In addition to the farm ownership loans, Plaintiff loaned Defendants Shiraishi $200,000 as a farm operating loan on or about October 30, 1986, pursuant to a settlement in the federal and state cases previously described in Civil

No. 85-0360 in this court, and Civil No. 85-0401 in the Circuit Court of the First Circuit, State of Hawaii, all as shown in Exhibits 224 and 227.

23. F. O. Loan No. 44-04 was refinanced on March 29, 1989, and became Loan 44-07 in the sum of $199,970.58.

24. Said Loan No. 44-07 was refinanced on April 11, 1996 and became Loan No. 44-10, in the principal sum of $196,663.64.

25. On or about December 28, 1999, Loan No. 44-10 was refinanced, with a partial debt write-down of $101,112.42, and became Loan No. 44-13 in the sum of $129,750.52.

26. Exhibit 103d is a copy of the promissory note in the sum of $200,000 dated October 30, 1986, for the operating loan.

27. The Defendants mortgaged the subject property to the Plaintiff on October 30, 1986, which mortgage was duly recorded in the Bureau of Conveyances of the State of Hawaii as shown in Exhibit 103e.

28. The reamortized loans for the operating loans are in evidence, being Exhibits 103f, 103g, and 103h.

29. Defendants Shiraishi are in default on paying the promissory notes and the mortgages securing said promissory notes on the farm operating loans and

have been in default on repaying said debt for a number of years, as shown in Exhibits 103, 103a, 103b, and 103c.

30. On or about December 28, 1999, Defendant Shiraishi signed a shared appreciation agreement as evidenced by Exhibit 105, in consideration of which the Farm Service Agency (FSA) wrote-down farm loan program loans and Defendant agreed to pay FSA a portion of the amount that the real estate property described in those mortgages increased in value between the market value as of the date of that agreement, December 28, 1999, and the market value at the end of the ten-year period, which would be the year 2009 if the notes in ¶ 5 of that document are paid or satisfied, Defendant stops farming, or his notes are accelerated, or when the property is sold or conveyed.

31. Defendant also executed a Security Agreement and Financing Statement in favor of the Plaintiff covering personal property and crops dated September 12, 2001, and the Financing Statement was amended as shown in Exhibit 109.

32. Defendant is in default on paying the Security Agreement and Financing Statement.

33. Defendant was qualified and approved for Homestead Protection under 7 U.S.C. § 2000, and 7 C.F.R. § 1951.911, when the Homestead Protection Agreement was signed on January 30, 2004, as evidenced by Exhibit 212.

34. On July 17, 2001, Defendant applied for Homestead Protection on the four acres located at 86-479 Paheehee Road, Waianae, HI, for TMK No. 8-6-024-004, the six greenhouse structures thereon and one emergency generator enclosure.

35. On August 3, 2001, Defendant advised the FSA of his ex-wife's address in Nevada, as shown in Exhibit 3.

36. On April 11, 1991, Defendant and Barbara Lee Shiraishi were divorced in the Family Court of the First Circuit, as shown in Exhibit 4.

37. On April 3, 2002, the U. S. Department of Agriculture notified Defendant that because of his default, the FSA was electing to accelerate the entire balance due on the mortgages and notes previously described above (Exhibit 207).

38. On June 25, 2002, the FSA loan manager advised the loan director that Defendant was willing to convey the property under the Homestead Protection Act but she recommended continuing foreclosure but considering the voluntary conveyance in conjunction with the Homestead Protection processing and then settle the debt for the remaining balances (Exhibit 208).

39. On January 12, 2004, Defendant explained the errors and problems that he saw with the proceedings and trying to resolve it.

40. On January 22, 2004, Ms. Greer of FSA wrote Defendant, determining that Defendant was eligible for Homestead Protection.

41. On May 26, 2004, Ms. Greer of FSA advised Defendant that he had been approved for Homestead Protection and that his lease payments would be $6,000 per year payable at $500 per month, and that Defendant was responsible to convey clear title to the property to FSA, including title insurance, and Defendant was responsible for all expenses necessary to make such conveyance and that he should open an escrow to process the transferring of property, including obtaining a deed from his ex-wife Barbara.

42. On May 25, 2004, FSA approved Defendant's request to convey the property to FSA under the Homestead Protection provisions of the federal act (Exhibit 213).

43. On June 10, 2004, FSA advised Defendant that all that remained to come within Homestead Protection was for Defendant to convey the property to Plaintiff and get the lease back for five years with an option to purchase but, since Ms. Greer of FSA was in Guam and would not return until June 21, 2004, he should make an appoint with her (Exhibit 214).

44.  On June 26, 2004, Defendant requested that a form be sent to Defendant's ex-wife, Barbara, approving the Homestead Protection and releasing her from liability (Exhibit 215).

45.  On June 30, 2004, Mr. Flores of FSA advised Defendant that his appeal of the denial of the Homestead Protection was unnecessary because his account was not being foreclosed (Exhibit 216).

46.  On June 24, 2004, FSA informed Defendant that they had a form signed by Defendant's ex-wife on the offer to convey the property and that Defendant would be contacting her to verify that her signature was on the form (Exhibit 217).

47.  Defendant further advised FSA, on June 24, 2004, that he was not going to set up an escrow until he could contact his ex-wife to verify her signature that she is willing to transfer the property (Exhibit 217).

48.  Defendant now has a quit-claim deed from his ex-wife to him, quit-claiming her interest to Defendant (Exhibit 218).

49.  Defendant contends that, contrary to Plaintiff's evidence, there is due on the farm and operating loans the total principal and interest of $378,751.80 (Exhibit 220).

APPENDIX A, Page 9

50. Defendant further contends, per Exhibit 220, that there is a difference of $277,962.17 on the Shared Appreciation Agreement between what the Plaintiff and Defendant assert are due on that agreement.

51. Defendant contends that the Plaintiff short-changed him $115,000 on the farm ownership loan that they agreed to supply him in 1986.

52. It is inequitable for the Plaintiff to now foreclose when Defendant was given a short period of time in which to deed the property over to the Plaintiff under the Homestead Protection Act.

53. He who seeks equity must do equity.

54. The Plaintiff is precluded from foreclosing the mortgages under 7 U.S.C. § 2000, where the Defendant applied for and met the eligibility requirements under the Homestead Protection sections of the statute.

55. The Plaintiff has no discretion to disregard and fail to follow its own statutes and regulations.

56. The Plaintiff has acted with unclean hands in the facts giving rise to this case in the following particulars:

    (a) Delaying for over two years favorable action upon Defendant's application for Homestead Protection;

      (b)    Referring Defendant's case to the U. S. Attorney's office for foreclosure while Defendant's application for Homestead Protection was pending determination of eligibility and acceptance;

      (c)    After Defendant's Homestead Protection application was granted, Defendant was given about one day to comply with the demand of Plaintiff's agent to create an escrow and deposit a deed for conveyance;

      (d)    Instituting foreclosure before the Homestead Protection process had been completed;

      (e)    Violating 7 U.S.C. § 2000(b) by trying to dispossess Defendant through this foreclosure action when he had been determined to be qualified for Homestead Protection; and

      (f)    Claiming an amount due under the notes and mortgages exceeding what is actually due.

57.    Defendant is ready, willing, and able to proceed with closing the Homestead Protection transaction by deeding the property to Plaintiff with a lease-back.

58.    Plaintiff failed to plead nor prove that Plaintiff complied with 7 C.F.R. § 1951.907(c), which requires a 90-day notice to the borrowers by certified mail, return receipt.

APPENDIX A, Page 11

59. According to 7 C.F.R. § 1951.907(d), Defendant's account should not be liquidated or foreclosed upon until the borrower has an opportunity to appeal adverse decisions.

60. Plaintiff has not complied with 7 C.F.R. § 1951.907(d).

61. Defendant appealed the adverse decision on foreclosing and acceleration, and there was no decision on such appeal.

62. The Plaintiff has no discretion to not follow its own regulations.

## CONCLUSIONS OF LAW

1. It is inequitable for the Plaintiff to now foreclose when Defendant was ready, willing, and able to furnish the documents to complete the Homestead Protection process.

2. He who seeks equity must do equity.

3. The Government is prohibited from foreclosing and instead the Plaintiff is ordered to proceed with completion of the Homestead Protection program for Defendant by completing the conveyance and lease-back to Defendant for the five-year period.

4. The Plaintiff's complaint be dismissed at Plaintiff's cost, and that the Defendant recover his costs and attorney's fees for defending this action.

5.  Defendant's attorney shall submit a fee application within 20 days of this date, and Plaintiff will have ten days thereafter in which to object to said request for attorney's fees and costs for Defendant.

DATED: Honolulu, Hawaii, this ___ day of _____, 2006.

IT IS SO ORDERED AND ADJUDGED.

_____
JUDGE OF THE ABOVE-ENTITLED COURT