R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI  96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail:  geshlaw@lava.net

Attorney for Defendant
 Thom Shiraishi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CIVIL NO. 04-00678 SPK KSC |
| ) | |
| Plaintiff,         ) | DEFENDANT THOM SHIRAISHI'S |
| ) | TRIAL BRIEF |
| vs.                                                   ) | |
| ) | TW:  April 4, 2006 |
| THOM SHIRAISHI; BARBARA     ) | |
| SHIRAISHI; DEPT. OF BUDGET  ) | |
| AND FISCAL SERVICES, REAL    ) | |
| PROPERTY TAX DIVISION, CITY ) | |
| AND COUNTY OF HONOLULU,   ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

shiraishi\trial brief 031506

DEFENDANT THOM SHIRAISHI'S TRIAL BRIEF

Defendant's position on this case is that the Plaintiff cannot foreclose because:

1. He was qualified and approved for homestead protection under 7 U.S.C. § 2000 and 7 C.F.R. § 1951.911.

2. The Government shortchanged him by $115,000 on the farm ownership loan they agreed to supply him in 1986.

3. It is inequitable for the Plaintiff to now foreclose when Defendant was given a very short period of time in which to deed the property over to the Plaintiff under the Homestead Protection Act; and, therefore, he who seeks equity must do equity.

4. The Government should be prohibited from foreclosing but, instead, the Court should order the Plaintiff to proceed with the completion of the Homestead Protection Program for the Defendant by completing the conveyance and the lease-back to Defendant for the five-year period.

5. There is quite a discrepancy between the amount claimed by the Plaintiff, which totals $700,106.51 based on ¶¶ 22 and 23 of Mr. Bazzell's declaration and Defendant's computations only using the Plaintiff's exhibits and the fact that the property was valued in January 2004 at $264,000. Mr. Bazzell's computations are wrong by $277,962.17. This substantial discrepancy alone is sufficient to deny the motion for summary judgment.

6. Plaintiff relies upon *Bank of Honolulu vs. Anderson*, 3 H.A. 545, 654 P.2d 1370 (1982). Under that case, the lender was required to prove: "(1) the existence of the Agreement, (2) the terms of the Agreement, (3) default by Anderson under the terms of the Agreement, and (4) the giving of the cancellation notice and recordation of an affidavit to such effect." 3 H.A. at 551, 654 P.2d at 1375. Plaintiff has not satisfied its burden of proving these facts under state law per *Anderson*. The *Anderson* case also makes it clear that a mortgage foreclosure is an equitable proceeding, not a legal proceeding. 3 H.A. at 553, 654 P.2d at 1376.

7. Perhaps the most compelling reason for denial of the foreclosure action is that 7 U.S.C. § 2000 prohibits proceeding with this foreclosure because of the provision contained in subparagraph (b). Under that provision, where the borrower applies and meets the eligibility requirements for the Homestead Protection, the Secretary of Agriculture **shall** "permit the borrower-owner to retain possession and occupancy of homestead property under the terms set forth, and until the action described in this section has been completed, if (A) the Secretary forecloses * * * property securing a loan made or insured under this chapter;"

8. Here, it is clear beyond dispute that Defendant was in the process of completing the Homestead Protection processing when the Plaintiff unilaterally chose to proceed with foreclosure. Under these circumstances, the Court must deny the foreclosure. The government has no discretion to disregard and fail to follow its own statutes, and certainly also its own regulations. *Meyers & Meyers, Inc. vs. U. S. Postal Service*, 527 F.2d 1252, 1261-1262 (2nd Cir., 1975). Also, 7 C.F.R. § 1951.911(b) is designed to permit borrowers to retain their housing. (See Appendix A)

9. In an administrative appeal as opposed to a foreclosure case, *Schmidt vs. Espy, Secretary U. S. Dept. of Agriculture*, 9 F.3d 1352 (8th Cir., 1993), held that the borrowers were still entitled to have the Secretary of Agriculture reconsider their application for Homestead Protection to be determined by the borrower's share of the corporation's gross farm income. Here, Farm Service Agency (FSA) already determined that Defendant was qualified and eligible and, in fact, signed the agreements so that Defendant was entitled to Homestead Protection. He was attempting to comply with the requirements when Plaintiff pulled the rug out from under him and filed for foreclosure. This was a violation of the statute and regulation previously

cited. This also violated the Due Process Clause of the Fifth Amendment to the United States Constitution.

  10. Where the lender engaged in activities which violated the equitable principles concerning the doctrine and defense of unclean hands, the government will not be entitled to equitable relief in foreclosure if the government acted inequitably or in bad faith related to the matter in which it seeks relief. *United States vs. Hughes Ranch, Inc.*, 33 F.Supp.2d 1157, 1170-1172, (D.Neb., 1999). Here, the government has acted with unclean hands in the following particulars:

  (a) Delaying for over two years favorable action upon Defendant's application for homestead protection.

  (b) Referring Defendant's case to the U. S. Attorney's office for the Department of Justice simultaneously while Defendant's application for Homestead Protection was pending determination of eligibility and acceptance.

  (c) After Defendant's Homestead Protection application was granted, Defendant was given one day to comply with the demand of the Plaintiff's agent to create an escrow and deposit a deed for the conveyance.

(d)   Instituting a foreclosure action before the Homestead Protection process had been completed.

(e)   Violating 7 U.S.C. § 2000(b) by trying to dispossess the Defendant through this foreclosure action when he had been determined to be qualified for Homestead Protection.

(f)   Erroneously claiming an amount due under the notes and mortgages in this case as shown in Exhibit 20 which is based upon the Plaintiff's exhibits and the fact that the property was appraised at $264,000 in January 2004.

11.   Plaintiff failed to plead in the complaint, nor is there any reference in the Declaration of Mr. Bazzell about compliance with 7 C.F.R. § 1951.907(c) which requires 90-day notice to the borrowers by certified mail, return receipt. (See Appendix B)

12.   According to 7 C.F.R. § 1951.907(d), Defendant's account with Plaintiff will not be liquidated nor foreclosed upon until the borrower has an opportunity to appeal adverse decisions. This regulation has not been complied with by Plaintiff. Plaintiff has not proven nor pled compliance with these C.F.R.s, so therefore, judgment of foreclosure must be denied. Here, the record is clear that Defendant appealed adverse

decisions, and there was no decision on such appeals. Therefore, foreclosure must stop. 7 C.F.R. § 1951.907(d). The government has no discretion in not following its own regulations. *Meyers & Meyers, Inc.*, *supra*.

14. Defendant is ready, willing, and able to proceed with closing the transaction on deeding the property to the government with a lease-back, as he now has the quitclaim deed from his ex-wife pursuant to the 1991 divorce decree. All that needs to be done is that the title report must be updated, the deed and the lease to the property from Defendant to Plaintiff needs to be recorded. It should be a simple matter to complete the other paper work that the government may require to accomplish closing the Homestead Protection for Defendant.

14. There are numerous defenses raised in Defendant's Amended Answer filed October 19, 2005, which need to be considered in deciding this case.

According, for each and all of the foregoing reasons, it is respectfully submitted that the request for decree of foreclosure and deficiency must be denied.

DATED: Honolulu, Hawaii, this 19th day of March, 2006.

                                              /s/ R. Steven Geshell
                                              R. STEVEN GESHELL
                                              Attorney for Defendant
                                                Thom Shiraishi