EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

HARRY YEE   3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850-6100
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-mail: harry.yee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 04-00678 SPK-KSC |
| | ) (Foreclosure) |
| Plaintiff, | ) |
| | ) PLAINTIFF UNITED STATES OF |
| vs. | ) AMERICA'S PROPOSED FINDINGS OF |
| | ) FACT AND CONCLUSIONS OF LAW; |
| THOM SHIRAISHI; BARBARA | ) CERTIFICATE OF SERVICE |
| SHIRAISHI; DEPT. OF BUDGET AND | ) |
| FISCAL SERVICES, REAL PROPERTY | ) Trial: April 4, 2006 |
| TAX DIVISION, CITY AND COUNTY | )  Time: 9:00 a.m. |
| OF HONOLULU, | ) Judge: Samuel P. King |
| | ) |
| Defendants. | ) |
| _____ | ) |

PLAINTIFF UNITED STATES OF AMERICA'S
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on for trial on April 4, 2004, before the Honorable Samuel P. King, pursuant to the Complaint for Interlocutory Decree of Foreclosure and for Deficiency Judgment filed by Plaintiff United States of America.  Harry Yee appeared for the United States.  R. Steven Geshell represented Defendant Thom Shiraishi, who also appeared.  The Court having heard and

considered the evidence presented and having been fully advised of the premises, finds as follows:

    1.    This is an action by Plaintiff UNITED STATES OF AMERICA acting through the Farm Service Agency, United States Department of Agriculture (hereinafter referred to as "Plaintiff USA"), seeking a decree of foreclosure against Defendant THOM SHIRAISHI's (hereinafter referred to as "Defendant SHIRAISHI") real property, which is subject to Plaintiff's security interests, and a money judgment against Defendant SHIRAISHI for any deficiency amount owing after sale of the real property. Plaintiff USA's interest in the real property and the obligations of Defendant SHIRAISHI are based on two loans and a shared appreciation agreement (Farm Ownership Loan No. 41-12, Operating Loan No. 44-13, and Shared Appreciation Agreement) all evidenced by promissory notes and secured by mortgages.

    2.    Jurisdiction over this action is based on Title 28, United States Code § 1345.

    3.    <u>Farm Ownership Loan No. 41-12</u>: On or about July 20, 1978, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Promissory Note for a Farm Ownership loan in the amount of $98,000.00.  (Plaintiff's Exhibit 101d).

    4.    On or about July 11, 1978, for the purpose of providing further security for payment of said Promissory Note described above, Defendant SHIRAISHI executed a Real Estate

Mortgage for Hawaii recorded at the Bureau of Conveyances, State of Hawaii, on July 20, 1978, in Liber 13026, Page 131. (Plaintiff's Exhibit 101e).

     5.   On or about March 29, 1989, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that refinanced the terms of the Farm Ownership loan evidenced by Plaintiff's Exhibits 101d and 101e. (Plaintiff's Exhibit 101f).

     6.   On or about April 11, 1996, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that refinanced the terms of the Farm Ownership loan evidenced by Plaintiff's Exhibit 101f. (Plaintiff's Exhibit 101g).

     7.   On or about December 28, 1999, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that refinanced the terms of the Farm Ownership loan evidenced by Plaintiff's Exhibit 101g.  (Plaintiff's Exhibit 101h).

     8.   Plaintiff's Exhibits 101-101c are summaries Defendant SHIRAISHI's payment history.  Plaintiff's Exhibit 101c shows that Defendant SHIRAISHI's last payment on this loan was in 2001 (all amounts collected in subsequent years were the result of recoupment efforts by Plaintiff USA through setoff of Defendant SHIRAISHI's Social Security benefits).  Non-payment

default occurred in 2002.  Plaintiff is entitled to foreclosure and deficiency judgment against Defendant SHIRAISHI for all outstanding amounts owed for Farm Ownership Loan No. 41-12 and any appropriate costs and expenses associated with this action.

       9.   <u>Farm Operating Loan No. 44-13</u>:  On or about October 30, 1986, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Promissory Note for an Operating loan in the amount of $200,000.00. (Plaintiff's Exhibit 103d).

       10.  At the time of the execution and delivery of said Promissory Note and as part of the same transaction and for the purpose of providing further security for payment of said Promissory Note, Defendant SHIRAISHI executed a Real Estate Mortgage for Hawaii and American Samoa, which was recorded on October 31, 1986, at the Bureau of Conveyances, State of Hawaii, in Liber 20010, Page 666. (Plaintiff's Exhibit 103e).

       11.  On or about March 29, 1989, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Rescheduling Promissory Note that refinanced the terms of the Operating loan evidenced by Plaintiff's Exhibit 103d.  (Plaintiff's Exhibit 103f).

       12.  On or about April 11, 1996, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Rescheduling Promissory Note that refinanced the terms of the Operating loan evidenced by Plaintiff's Exhibit 103f. (Plaintiff's Exhibit 103g).

13. On or about December 28, 1999, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Rescheduling Promissory Note that refinanced the terms of the Operating loan evidenced by Plaintiff's Exhibit 103g. (Plaintiff's Exhibit 103h).

14. Plaintiff's Exhibits 103-103c are summaries of Defendant SHIRAISHI's payment history from the inception of this Farm Operating loan to the present. Plaintiff's Exhibit 103c shows that Defendant SHIRAISHI's last payment on this loan was in 1999. Non-payment default occurred in 2000. Plaintiff is entitled to foreclosure and deficiency judgment against Defendant SHIRAISHI for all outstanding amounts owed for Farm Ownership Loan No. 41-12 and any appropriate the costs and expenses associated with this action.

15. <u>Shared Appreciation Agreement</u>: On or about October 30, 1986, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Promissory Note for a Farm Ownership loan in the amount of $85,000.00. (Plaintiff's Exhibit 102c).

16. At the time of the execution and delivery of said Promissory Note and as part of the same transaction and for the purpose of providing further security for payment of said Promissory Note, Defendant SHIRAISHI executed a Real Estate Mortgage for Hawaii and American Samoa, which was recorded on October 31, 1986, at the Bureau of Conveyances, State of Hawaii, in Liber 20010, Page 660. (Plaintiff's Exhibit 102d).

17. On or about March 29, 1989, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that refinanced the terms of the Farm Ownership loan evidenced by Plaintiff's Exhibit 102c. (Plaintiff's Exhibit 102e).

18. On or about April 11, 1996, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that reamortized the terms of the Farm Ownership loan evidenced by Plaintiff's Exhibit 102e. (Plaintiff's Exhibit 102f).

19. On or about December 28, 1999, Defendant SHIRAISHI executed a Shared Appreciation Agreement. (Plaintiff's Exhibit 105).

20. On or about September 12, 2001, Defendant SHIRAISHI executed a Security Agreement. (Plaintiff's Exhibit 106).

21. Defendant SHIRAISHI executed a security agreement in favor of Plaintiff USA in certain collateral, including all crops and all farm and other equipment, and any fixture which is affixed or is to be affixed to the real estate. Plaintiff USA's security interest in the collateral pledged by the security agreement was perfected by filing the Financing Statement which was recorded on June 17, 1997, at the Bureau of Conveyance, State of Hawaii as Document No. 97-079159. (Plaintiff's Exhibit 107).

22. A Financing Statement Amendment which continued the Financing Statement was recorded on December 28, 2001, at the Bureau of Conveyance, State of Hawaii as Document No. 2001-204772. (Plaintiff's Exhibit 108).

23. A Financing Statement Amendment which amended the Financing Statement was recorded on May 5, 2004, at the Bureau of Conveyance, State of Hawaii as Document No. 2004-089294. (Plaintiff's Exhibit 109).

## CONCLUSIONS OF LAW

Pursuant to the foregoing Findings of Fact, the Court concludes:

24. Defendant SHIRAISHI has failed to make payments as required on the above two loans shared appreciation agreement and therefore are in default under the provisions of the notes, mortgages and agreements. By reason of Defendant's non-payment default, Plaintiff USA acting through FSA is entitled to treat the entire amount as due and payable.

25. As of April 4, 2006, there was due and owing Plaintiff USA on said Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages as follows:

    A)    Farm Ownership Loan No. 41-12:

```
        Unpaid Principal            $230,288.22
        Unpaid Interest               65,636.85

        TOTAL DUE                   $295,925.07
```

Plus interest at the daily rate of $31.5463, from April 4, 2006, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full.

        B)    Farm Operating Loan No. 44-13:

| | |
|---|---|
| Unpaid Principal | $129,750.52 |
| Unpaid Interest | 40,649.24 |
| TOTAL DUE | $170,399.76 |

Plus interest at the daily rate of $17.7740, from April 4, 2006, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full.

    26.    As of April 4, 2006, there was due and owing to Plaintiff USA for the Shared Appreciation Agreement an estimated total not to exceed $246,893.36, and the exact amount owed shall be determined in accordance with paragraph 9 of the Shared Appreciation Agreement dated December 28, 1999 (Plaintiff's Exhibit 105).

    27.    The Court costs for Plaintiff USA is $427.00.

    28.    In the present case, Plaintiff USA has established: 1) the existence of the promissory notes and mortgages; 2) the terms of the promissory notes and mortgages; 3) default by the debtor; and 4) acceleration of the debt in accordance with the terms and conditions of the promissory note and mortgage. <u>Bank of Honolulu v. Anderson</u>, 3 Haw. App. 545, 654 P.2d 1370 (1982).

29. Plaintiff's claims proven at trial clearly present an enforceable claim at law. Plaintiff USA is entitled to have its Mortgages foreclosed upon the property covered by the Mortgages, and to have the property sold in a manner authorized by law, said Mortgages being a valid, subsisting and outstanding mortgages upon the property. Further, Defendant's alleged defenses do not constitute valid defenses to this foreclosure.

DATED: Honolulu, Hawaii, _____.

_____
SAMUEL P. KING
United States District Judge

USA v. Shiraishi, et al.
Civil No. 04-00678 SPK-KSC
"PLAINTIFF UNITED STATES OF AMERICA'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW"

9

CERTIFICATE OF SERVICE

I hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served electronically through CM/ECF:

R. STEVEN GESHELL    geshlaw@lava.net    March 21, 2006

DATED: Honolulu, Hawaii, March 21, 2006.

/s/ Teri Zamora
_____