IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIV. NO. 04-00678 SPK/KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THOM SHIRAISHI; BARBARA ) | |
| SHIRAISHI; DEPT. OF BUDGET AND ) | |
| FISCAL SERVICES, REAL PROPERTY ) | |
| TAX DIVISION, CITY AND COUNTY ) | |
| OF HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER REQUESTING SUPPLEMENTAL BRIEFING

Defendant Thom Shiraishi has argued that compound interest may not be awarded on the farm loans at issue in this case. He points to Haw. Rev. Stat. § 478-7 ("No action shall be maintainable in any court of the State to recover compound interest upon any consumer credit transaction[.]"). Even assuming this action is "in any court of the State," it appears that Shiraishi's argument is foreclosed by Haw. Rev. Stat. § 478-8(a) ("This chapter . . . shall not apply to any mortgage loan transaction wholly or partially secured by a guarantee . . . issued under the provisions of the . . . Small Business Act, Chapter 14A of Title 15 of the

United States Code[.]").  See, e.g., 7 U.S.C. § 2000(a)(3) ("The term 'farm program loan' means any loan made . . . under the Small Business Act (15 U.S.C. 631 et seq.) for any of the purposes authorized for loans under subchapters I or II of this chapter").

The Court requests supplemental briefing on whether the loans at issue in this case are, or are not, in fact exempt from § 478-7 by § 478-8(a) (or by any other relevant provision that might be applicable).

The Court also requests the government to address whether claims should be dismissed (or whether recovery might be sought or judgment should enter) as to named Defendant Barbara Shiraishi (who is now divorced from Thom Shiraishi and is now known as Barbara Dille).

Simultaneous supplemental briefs limited to 7 pages shall be filed within 11 days of this order.

IT IS SO ORDERED.

DATED:  May 4, 2006.



_____
Samuel P. King
Senior United States District Judge