EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

HARRY YEE  3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850-6100
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-mail: harry.yee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 04-00678 SPK-KSC |
| | ) | |
| Plaintiff, | ) | SUPPLEMENTAL TRIAL BRIEF OF |
| | ) | PLAINTIFF UNITED STATES OF |
| vs. | ) | AMERICA; CERTIFICATE OF |
| | ) | SERVICE |
| THOM SHIRAISHI; BARBARA | ) | |
| SHIRAISHI; DEPT. OF BUDGET AND | ) | |
| FISCAL SERVICES, REAL PROPERTY | ) | |
| TAX DIVISION, CITY AND COUNTY | ) | Trial: April 4 and 5, 2006 |
| OF HONOLULU, | ) | Judge: Samuel P. King |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**SUPPLEMENTAL TRIAL BRIEF OF PLAINTIFF UNITED STATES**

I.   DEFENDANT ERRONEOUSLY RAISES HRS § 478-7 AS A DEFENSE

There are multiple flaws in Defendant's argument, trial brief, and amended findings of fact based on the defense that Plaintiff is claiming compound interest in violation of HRS § 478-7.

As acknowledged by this Court in the Order of May 4, 2006, HRS § 478-7 does not apply to Defendant's loans, which are

the subject of this foreclosure. Defendant's Farm Ownership Loan No. 41-12[1], Operating Loan No. 44-13[2], and Farm Ownership Loan No. 41-11[3] (which is the loan upon which the shared appreciation agreement is based) are all exempt under HRS 478-8(a)[4] as within the definition of 7 U.S.C. § 2000(a)(3), which states "farm program loan" means **any loan made by the Administrator under the Small Business Act (15 U.S.C. 631 et seq.)** for any of the purposes authorized for loans under subchapters I or II of this chapter.

In addition to the exclusion above, HRS § 478-8(b)(1) provides:

> (b) The provisions of this chapter (except for this section and section 478- 3) **shall not apply to any**:
>
> (1) **Indebtedness that is secured by a first mortgage lien on real property, and is agreed to or incurred after May 30, 1980**; [Emphasis Added]

---

[1] Plaintiff's Exhibits 101-101h

[2] Plaintiff's Exhibits 103-103h

[3] Plaintiff's Exhibits 102-102f

[4] § 478-8 Exemptions from usury.
(a) This chapter (except for this section and section 478-3) shall not apply to any mortgage loan transaction wholly or partially secured by a guarantee or insurance or a commitment to insure issued under the provisions of the National Housing Act, Chapter 13 of Title 12 of the United States Code, the Veterans Benefit Act, subchapters I and II of Chapter 37 of Title 38 of the United States Code, and subchapter III of Chapter 8A of Title 42 of the United States Code, **the Small Business Act, Chapter 14A of Title 15 of the United States Code**, and the Small Business Investment Act, Chapter 14B of Title 15 of the United States Code. [Emphasis Added]

The indebtedness incurred by Defendant in Farm Ownership Loan 41-12 was on December 28, 1999 (Plaintiff's Exhibit 101h) and secured by a first mortgage lien dated July 20, 1978 (Plaintiff's Exhibit 101e).  The indebtedness incurred by Defendant in Farm Operating Loan 44-13 was on December 28, 1999 (Plaintiff's Exhibit 103h) and secured by the first mortgage lien dated July 20, 1978 and a mortgage dated October 31, 1986 (Plaintiff's Exhibit 101e and Plaintiff's Exhibit 103e).  The indebtedness incurred by Defendant in Farm Ownership Loan 41-11 (which is now the Shared Appreciation Agreement) was on December 28, 1999 (Plaintiff's Exhibit 102f) and secured by the first mortgage lien dated July 20, 1978, and a mortgage dated October 31, 1986 (Plaintiff's Exhibit 101e and Plaintiff's Exhibit 102d).  Therefore, pursuant to HRS § 478-8(b)(1) all of indebtedness (the promissory notes) which are the basis for the foreclosure in this case are exempt from HRS § 478-7.

Further, the government is not attempting to charge or collect compound interest.  Defendant's claim of "compound interest" is erroneous since "Compounding of interest is where the accrued interest is added to the principal sum due on the note and that new sum is treated as principal upon which interest is then charged."  In re: Brummer, 147 B.R. 552, 555-556 (D. Mont., 1992)  The facts in the present case show that the amounts currently owed by Defendant resulted from periodic deferral and refinancing of three loans since 1978 (Farm Ownership Loan No. 41-12, Operating Loan No. 44-13, and Farm Ownership Loan No.

41-11). Upon each refinancing of these loans, all of the outstanding amounts (the result of Defendant's unpaid principal and interest as of the date of refinancing) for the three loans became the principal amount owed for the new promissory notes. So, the original promissory notes were replaced by new promissory notes upon refinancing and these new promissory notes are based on new principal amounts owed by Defendant. Thus, there is no interest being charged on interest in the two loans in default and the shared appreciation agreement. So what Defendant is really arguing here is that the Court should waive all prior interest and revise all past promissory notes between Defendant and the government to reflect no interest loans. Also as explained at trial and in Plaintiff's trial brief, the Shared Appreciation Agreement is a contingent liability of Defendant, which will not be determined until and if there is any appreciation shown at sale of the real property.

At issue also is whether federal or state law governs how FSA can charge interest for its loans, applicable Hawaii state law may be adopted as the appropriate federal rule when Congress has not enacted a national rule. <u>United States v. Kimbell Foods, Inc.</u>, 440 U.S. 715,716 (1979). However, in the present case, Hawaii state law is not appropriate to apply since there is a national or Federal rule governing the charging of interest on the FSA loans. "The priority of liens stemming from federal lending programs must be determined with reference to federal law. Since both the SBA and the FHA derive their

authority to effectuate loan transactions from specific Acts of Congress passed in the exercise of a "constitutional function or power," Clearfield Trust Co. v. United States, 318 U.S. 363, 366, 63 S.Ct. 573, 574, 87 L.Ed. 838, their rights, as well, should derive from a federal source." Id.  Specifically, Section 331B of the Consolidated Farm And Rural Development Act, as amended, (7 U.S.C. 1981b) pertaining to "Farm loan interest rates" provides in relevant part, that, **"Any loan for farm ownership purposes..., farm operating purposes...,or disaster emergency purpose ...shall ... bear interest on the balance of the original loan and for the term of the original loan at a rate that is the lower of (1) the rate of interest on the original loan or (2) the rate being charged by the Secretary for loans...of the same type..."**  Thus, under Kimbell Foods, Plaintiff would use the USDA/FSA statute enacted by Congress to compute the interest and HRS § 478-7 would not apply.

II.  CLAIMS AGAINST DEFENDANT BARBARA SHIRAISHI (NKA BARBARA DILLE)

      Defendant Barbara Shiraishi failed to answer or otherwise plead in this case.  Default was entered against her on February 7, 2005.  As result of Defendant Thom Shiraishi's testimony at trial regarding his divorce from Defendant Barbara Shiraishi, Plaintiff will stipulate to remove default and dismiss the action against her.

III. <u>CONCLUSION</u>

    For the foregoing reasons and based upon the foregoing authorities, Plaintiff USA requests that this Honorable Court enter order and judgment of foreclosure on its mortgage liens due to Defendant's non-payment default.  Further, a Decree of Foreclosure and deficiency judgment should be entered in favor of Plaintiff.

    DATED:  May 15, 2006, at Honolulu, Hawaii.

    EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Harry Yee

By _____
   HARRY YEE
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served electronically through CM/ECF:

R. STEVEN GESHELL    geshlaw@lava.net    May 15, 2006

DATED: May 15, 2006, at Honolulu, Hawaii.

/s/ Harry Yee
_____