R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI 96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail: geshlaw@lava.net

Attorney for Defendant
 Thom Shiraishi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 04-00678 SPK KSC |
| ) | |
| Plaintiff, ) | DEFENDANT THOM SHIRAISHI'S |
| ) | SUPPLEMENTAL BRIEF ON |
| vs. ) | INTEREST ISSUE |
| ) | |
| THOM SHIRAISHI; BARBARA ) | TW: April 4, 2006 |
| SHIRAISHI; DEPT. OF BUDGET ) | |
| AND FISCAL SERVICES, REAL ) | |
| PROPERTY TAX DIVISION, CITY ) | |
| AND COUNTY OF HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| ) | |

shiraishii\sup brief on interest issue 051006

**DEFENDANT THOM SHIRAISHI'S SUPPLEMENTAL BRIEF
ON INTEREST ISSUE**

The Court requested supplemental briefing on the compound-interest issue;

and, therefore, Defendant Thom Shiraishi's position on that issue is as follows:

1. HRS § 478-8(a) does not specifically deal with an agricultural loan such as the two loans in this case, although 15 U.S.C. § 631(c) does concern the policy of the federal government to aid agriculturally related industries through financial assistance. Therefore, it is not entirely clear that the prohibition contained in HRS § 478-7 against compounding of interest does not apply to farm loans. However, it is very clear that Chapter 478 of the Hawaii Revised Statute on interest rates does not apply on first mortgage liens on real property incurred after May 30, 1980. Consequently, the defense argument about compounding of interest under HRS § 478-7 probably does not apply to this case since we are dealing with a first mortgage lien.

2. Defendant further submits and argues that under the agricultural credit sections of 7 U.S.C. § 1981b does control the interest rate chargeable under agricultural loans, whether they be farm, operating, or farm ownership loans. That section provides, in pertinent part, that the loan which is not a guaranteed loan even when it is "deferred, consolidated, rescheduled, or reamortized under this chapter shall, notwithstanding any other provision of this chapter, bear interest on the balance of the original loan and for the term of the original loan at a rate that is the lowest of –

(1) the rate of interest on the original loan; (2) the rate being charged by the Secretary for loans, other than guaranteed loans, of the same type at the time at which the borrower applies for a deferral, consolidation, rescheduling, or reamortization; or (3) the rate being charged by the Secretary for loans, other than guaranteed loans of the same type at the time of the deferral, consolidation, rescheduling, or reamortization."

Here there was clear evidence that the Plaintiff, through the FSA, added the accrued interest to principal on the rewriting and rescheduling of the loans. Therefore, what we essentially have is five percent (5%) interest being charged on five percent (5%) interest that had previously accrued on the arrearage. Therefore, Defendant argues that the interest charged on the loans being foreclosed upon in this case violated 7 U.S.C. § 1981b.

   3.    7 U.S.C. § 1946(a)(2) also provides, in pertinent part, that the interest rate on any loan other than a guaranteed loan to a low-income limited-resource borrower "shall not be – (A) greater than the sum of – (i) an amount that does not exceed one-half of the current average market yield on outstanding marketable obligations of the United States with maturities of five years; and (ii) an amount not exceeding one percent per

year as the Secretary determines is appropriate; or (B) less than five percent per year."

      4.      7 U.S.C. § 1946(b) further provides, in pertinent part: "A new loan may be included in a consolidation. Such new loan shall be charged against any loan level authorized by law. Except as otherwise provided for farm loans under section 1981b of this title, the interest rate on such consolidated or rescheduled loans, other than guaranteed loans, may be changed by the Secretary to a rate not to exceed the rate being charged for loans made under this subchapter at the time of the consolidation or rescheduling."

      5.      The record in this case is deficient on whether these loans were guaranteed loans, but Defendant argues that they were not guaranteed after the 1986 settlement was made involving the Bank of Hawaii. Defendant also argues that the record in this case does not prove what rate the Secretary of Agriculture was charging for loans that were not guaranteed involving the farm ownership and farm operating loan at the time when the Defendant applied for the rescheduling and reamortization of the loans involved in this case. Hence, the Government's proof on that issue is deficient.

      6.    7 U.S.C. § 2001(e)(7)(C) provides, in pertinent part, that the interest rate applied to an amortization loan under shared-appreciation arrangements "may not exceed the rate applicable to a loan to reacquire homestead property less 100 basis points." By compounding the five percent interest on the original loans with the shared-appreciation agreement, Defendant argues that this section was violated because ten percent interest rate exceeds nine percent.

Defendant, therefore, asserts that, under these circumstances, the rate of interest on interest was excessive, although it did not necessarily violate HRS § 478-7 prohibiting compounding of interest. The interest rate is not the major thrust of the defense in this case but is simply an issue demonstrating the inequities of the situation between Defendant and Plaintiff and that, under all the circumstances, it would be equitable for the Court to place the parties back in the Farm Homestead Protection program several years ago and stop this foreclosure action.

      Respectfully submitted this 15th day of May, 2006.

                                                /s/ R. Steven Geshell
                                                R. STEVEN GESHELL
                                                Attorney for Defendant
                                                 Thom Shiraishi