IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIV. NO. 04-00678 SPK/KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THOM SHIRAISHI; BARBARA ) | |
| SHIRAISHI; DEPT. OF BUDGET AND ) | |
| FISCAL SERVICES, REAL PROPERTY ) | |
| TAX DIVISION, CITY AND COUNTY ) | |
| OF HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. INTRODUCTION

The Court conducted a non-jury trial in this case on April 4 and 5, 2005. Assistant United States Attorney Harry Yee appeared for Plaintiff United States of America ("Plaintiff" or "Plaintiff USA"). R. Steven Geshell appeared for Defendant Thom Shiraishi ("Defendant SHIRAISHI").

Pursuant to Fed. R. Civ. P. 52(a), the following constitute the Court's Findings of Fact ("Findings") and Conclusions of Law ("Conclusions"). To the extent any Findings as stated may also be deemed to be Conclusions, they shall

also be considered Conclusions. Similarly, to the extent any Conclusions as stated may be deemed to be Findings, they shall also be considered Findings. See In re Bubble Up Delaware, Inc., 684 F.2d 1259, 1262 (9th Cir. 1982) ("The fact that a court labels determinations 'Findings of Fact' does not make them so if they are in reality conclusions of law."); Tri-tron Int'l. v. A.A. Velto, 525 F.2d 432, 435 (9th Cir. 1975). The Findings are based upon the evidence in the record or are assertions that neither party disputes.

### B.  FINDINGS OF FACT

1. Plaintiff USA acting through the Farm Service Agency, United States Department of Agriculture sought a decree of foreclosure of real property (which is subject to Plaintiff's security interests) and a money judgment for any deficiency amount owing after sale of the real property. Plaintiff USA's interest in the real property and the obligations of Defendant SHIRAISHI are based on two loans and a shared appreciation agreement (Farm Ownership Loan No. 41-12, Operating Loan No. 44-13, and Shared Appreciation Agreement) all evidenced by promissory notes and secured by mortgages, which were stipulated into evidence.

2. Jurisdiction over this action is based on 28 U.S.C. § 1345.

3. <u>Farm Ownership Loan No. 41-12</u>:  On or about July 20, 1978, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Promissory Note for a Farm

Ownership loan in the amount of $98,000.00. [Plaintiff's Exhibit 101d]. Defendant testified at trial that he received the proceeds of this loan and he is in default. [Trial Transcript Day 2 (4/5/06) at page 9 lines 14-19]

 4. On or about July 11, 1978, for the purpose of providing further security for payment of said Promissory Note described above, Defendant SHIRAISHI executed a Real Estate Mortgage for Hawaii recorded at the Bureau of Conveyances, State of Hawaii, on July 20, 1978, in Liber 13026, Page 131. [Plaintiff's Exhibit 101e].

 5. On or about March 29, 1989, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that refinanced the terms of the Farm Ownership loan evidenced by Plaintiff's Exhibits 101d and 101e. [Plaintiff's Exhibit 101f].

 6. On or about April 11, 1996, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that refinanced the terms of the Farm Ownership loan evidenced by Plaintiff's Exhibit 101f. [Plaintiff's Exhibit 101g].

 7. On or about December 28, 1999, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that refinanced the terms of the Farm Ownership loan evidenced by Plaintiff's Exhibit 101g.

[Plaintiff's Exhibit 101h].

8. Plaintiff's Exhibits 101-101c are summaries of Defendant SHIRAISHI's payment history. Plaintiff's Exhibit 101c shows that Defendant SHIRAISHI's last payment on this loan was in 2001. Non-payment default occurred in 2002, Plaintiff is entitled to foreclosure and deficiency judgment against Defendant SHIRAISHI for all outstanding amounts owed for Farm Ownership Loan No. 41-12 and reasonable costs and expenses associated with this action. [Trial Transcript Day 1 (4/4/06) at page 7 lines 15-25 through page 14 lines 1-4]

9. <u>Farm Operating Loan No. 44-13</u>: On or about October 30, 1986, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Promissory Note for an Operating loan in the amount of $200,000.00. (Plaintiff's Exhibit 103d). Defendant testified at trial that he received the proceeds of this loan and that he is in default. [Trial Transcript Day 2 (4/5/06) at page 11 lines 9-25 through page 12 lines 1-19]

10. At the time of the execution and delivery of said Promissory Note and as part of the same transaction and for the purpose of providing further security for payment of said Promissory Note, Defendant SHIRAISHI executed a Real Estate Mortgage for Hawaii and American Samoa, which was recorded on October 31, 1986, at the Bureau of Conveyances, State of Hawaii, in Liber 20010, Page 666.

[Plaintiff's Exhibit 103e].

11.  On or about March 29, 1989, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Rescheduling Promissory Note that refinanced the terms of the Operating Loan evidenced by Plaintiff's Exhibit 103d.  [Plaintiff's Exhibit 103f].

12.  On or about April 11, 1996, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Rescheduling Promissory Note that refinanced the terms of the Operating Loan evidenced by Plaintiff's Exhibit 103f.  [Plaintiff's Exhibit 103g].

13.  On or about December 28, 1999, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Rescheduling Promissory Note that refinanced the terms of the Operating loan evidenced by Plaintiff's Exhibit 103g.  [Plaintiff's Exhibit 103h].

14.  Plaintiff's Exhibits 103-103c are summaries of Defendant SHIRAISHI's payment history from the inception of this Farm Operating loan to the present. Plaintiff's Exhibit 103c shows that Defendant SHIRAISHI's last payment on this loan was in 1999.  Non-payment default occurred in 2000, Plaintiff is entitled to foreclosure and deficiency judgment against Defendant SHIRAISHI for all outstanding amounts owed for Farm Operating Loan No. 41-12 and reasonable

costs and expenses associated with this action. [Trial Transcript Day 1 (4/4/06) at page 22 lines 16-25 through page 29 lines 1-23]

    15.   Shared Appreciation Agreement: On or about October 30, 1986, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Promissory Note for Farm Ownership Loan No. 41-3 in the amount of $85,000.00. [Plaintiff's Exhibit 102c]. Defendant testified at trial that in 1986 he received the benefit of the proceeds of this loan as a result of Plaintiff's payoff of his loan to Bank of Hawaii. [Trial Transcript Day 2 (4/5/06) at page 10 lines 1-24].

    16. At the time of the execution and delivery of said Promissory Note for Farm Ownership Loan No. 41-3 and as part of the same transaction and for the purpose of providing further security for payment of said Promissory Note, Defendant SHIRAISHI executed a Real Estate Mortgage for Hawaii and American Samoa, which was recorded on October 31, 1986, at the Bureau of Conveyances, State of Hawaii, in Liber 20010, Page 660. [Plaintiff's Exhibit 102d].

    17. On or about March 29, 1989, Defendant SHIRAISHI executed and delivered to Plaintiff USA a Reamortized Promissory Note that refinanced the terms of Farm Ownership Loan No. 41-3 [Plaintiff's Exhibit 102c] and was thereafter designated as Farm Ownership Loan No. 41-8 [Plaintiff's Exhibit 102e].

    18. On or about April 11, 1996, Defendant SHIRAISHI executed and

delivered to Plaintiff USA a Reamortized Promissory Note that reamortized the terms of Farm Ownership Loan No. 41-8 [Plaintiff's Exhibit 102e] and was thereafter designated as Farm Ownership Loan No. 41-11 [Plaintiff's Exhibit 102f].

19. On or about December 28, 1999, Defendant SHIRAISHI executed a Shared Appreciation Agreement. [Plaintiff's Exhibit 105; Trial Transcript Day 1 (4/4/06) at page 14 lines 5-25 through page 22 lines 1-15]. Defendant SHIRAISHI's Farm Ownership Loan No. 41-11 [Plaintiff's Exhibit 102f] was written off as a result of the parties execution of the Shared Appreciation Agreement. [Trial Transcript Day 1 (4/4/06) at page 21 lines 16-25 through page 22 lines 1-15].

20. On or about September 12, 2001, Defendant SHIRAISHI executed a Security Agreement. [Plaintiff's Exhibit 106].

21. Defendant SHIRAISHI executed a security agreement in favor of Plaintiff USA in certain collateral, including all crops and all farm and other equipment, and any fixture which is affixed or is to be affixed to the real estate. Plaintiff USA's security interest in the collateral pledged by the security agreement was perfected by filing the Financing Statement which was recorded on June 17, 1997, at the Bureau of Conveyance, State of Hawaii as Document No. 97-079159.

[Plaintiff's Exhibit 107].

22. A Financing Statement Amendment which continued the Financing Statement was recorded on December 28, 2001, at the Bureau of Conveyance, State of Hawaii as Document No. 2001-204772. [Plaintiff's Exhibit 108].

23. A Financing Statement Amendment which amended the Financing Statement was recorded on May 5, 2004, at the Bureau of Conveyance, State of Hawaii as Document No. 2004-089294. [Plaintiff's Exhibit 109].

24. In 2001, Defendant SHIRAISHI applied for Homestead Protection under 7 U.S.C. § 2000, which could have allowed Defendant SHIRAISHI to have a 5-year leaseback situation. [Defendant's Exhibits 201, 202]. The application was eventually approved. [Defendant's Exhibits 212, 213]. The Homestead Protection transaction, however, was contingent upon satisfaction of certain contingencies, i.e., conveying of clear title to the USA, procurement of title insurance, and payment of corresponding expenses [Defendant's Exhibit 213]. The contingencies did not occur.

## C. CONCLUSIONS OF LAW

1. Defendant SHIRAISHI has failed to make payments as required on the loans set forth above. Therefore, he is in default under the provisions of the notes, mortgages, and re-amortization agreements. By reason of Defendant

SHIRAISHI's non-payment default, the entire amount of both loans are due and payable. In addition, Defendant SHIRAISHI is subject to a contingent liability under the shared appreciation agreement.

2. As of the trial of this action, April 4, 2006, there was due and owing Plaintiff USA on said Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages as follows:

    A)    Farm Ownership Loan No. 41-12:

| | |
|---|---|
| Unpaid Principal | $230,288.22 |
| Unpaid Interest | 65,636.85 |
| TOTAL DUE | $295,925.07 |

Plus interest at the daily rate of $31.5463 from April 4, 2006, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full.

    B)    Farm Operating Loan No. 44-13:

| | |
|---|---|
| Unpaid Principal | $129,750.52 |
| Unpaid Interest | 40,649.24 |
| TOTAL DUE | $170,399.76 |

Plus interest at the daily rate of $17.77 from April 4, 2006, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full.

3. As of April 4, 2006, there was due and owing to Plaintiff USA for the Shared Appreciation Agreement an estimated total not to exceed $246,893.36 and the exact amount owed shall be determined in accordance with paragraph 9 of the Shared Appreciation Agreement dated December 28, 1999 [Plaintiff's Exhibit 105].

4. Plaintiff USA is entitled to court costs of $427.00.

5. Plaintiff USA has established: 1) the existence of the promissory notes and mortgages; 2) the terms of the promissory notes and mortgages; 3) default by the debtor; and 4) acceleration of the debt in accordance with the terms and conditions of the promissory note and mortgage. Bank of Honolulu v. Anderson, 3 Haw. App. 545, 654 P.2d 1370 (1982).

6. Plaintiff USA is entitled to have its mortgages foreclosed upon the property covered by the mortgages, and to have the property sold in a manner authorized by law, said mortgages being valid, subsisting and outstanding mortgages upon the property.

7. Defendant's defense that Plaintiff USA is not entitled to foreclosure because he was not paid certain loan proceeds was not proven by credible evidence or testimony at trial. [Trial Transcript Day 2 (4/5/06) at page 9 lines 14-19; Trial Transcript Day 2 (4/5/06) at page 11 lines 9-25 through page 12 lines 1-19; and

[Trial Transcript Day 2 (4/5/06) at page 10 lines 1-24].

    8. Defendant's defense that Plaintiff USA is not entitled to foreclosure because Plaintiff failed to provide notice of the administrative offset was not proven by credible evidence or testimony at trial. Defendant SHIRAISHI received adequate notice of the administrative offset by letter dated April 9, 2001. [Trial Transcript Day 2 (4/5/06) at page 15 lines 22-25 through page 16 lines 2-12; Plaintiff's Exhibit 113]. Defendant SHIRAISHI did not file a timely appeal of the notice of administrative offset of April 9, 2001. [Trial Transcript Day 2 (4/5/06) at page 16 lines 13-15; Plaintiff's Exhibit 113]. Defendant SHIRAISHI testified that he did not object to the administrative offset until his letter of September 1, 2005. [Trial Transcript Day 2 (4/5/06) at page 16 lines 16-22; Plaintiff's Exhibit 113].

    9. Defendant SHIRAISHI's defense that Plaintiff is not entitled to foreclosure because of his homestead protection application also fails. Defendant SHIRAISHI testified that his agreement for homestead protection was not completed because he did not open the required escrow account by July 2, 2004, after reasonable notice by Plaintiff USA [Defendant's Exhibits 211, 213 and 215; Trial Transcript Day 2 (4/5/06) at page 4 lines 6-25 through page 5 lines 17-24]. This foreclosure action was not filed until November 16, 2004. Further, Plaintiff USA established that the applicable federal regulation does not prohibit

11

acceleration and foreclosure of loans while Defendant SHIRAISHI's homestead protection was pending. [Plaintiff's Exhibit 114].

10. Assuming equitable principles could apply to foreclosure actions by the United States, Defendant SHIRAISHI has not proven that he is entitled to the benefit of any equitable principles to prevent the subject foreclosure, nor to compel Plaintiff USA to proceed with the Homestead Protection process.

11. Likewise, Defendant SHIRAISHI has failed to prove his defense that the interest claimed by Plaintiff USA violates Haw. Rev. Stat. § 478-7 as being improper compound interest, or is otherwise usurious. Defendant SHIRAISHI's argument is foreclosed by several exclusions immediately following section 478-7. See, e.g., Haw. Rev. Stat. § 478-8(a) (exempting loans made pursuant to the Small Business Act, 15 U.S.C. § 631 et seq.) & Haw. Rev. Stat. § 478-8(b)(1) (exempting indebtedness secured by first mortgage liens). It is also apparent that the interest being sought by Plaintiff USA is not improper "interest upon interest" but rather is principal and interest due to standard mortgage and refinancing transactions.

12. Barbara Shiraishi (n.k.a. Dille) is a nominal defendant. She was married to Thom Shiraishi, but the record reflects they were divorced several years ago. [Defendant's Exhibit 204]. Although default has been entered against her, Plaintiff USA has stipulated that it will dismiss the action against Barbara Shiraishi (Dille).

13.  The other named Defendant (Dept. of Budget and Fiscal Services, Real Property Tax Division, City and County of Honolulu) has already been dismissed by stipulation on November 23, 2005.

## CONCLUSION

Accordingly, Judgment shall enter in favor of Plaintiff United States of America and against Defendant Thom Shiraishi in the amounts set forth in Conclusions of Law, Paragraphs 2-4.  Claims against Barbara Shiraishi are dismissed.  Plaintiff USA shall submit a final form of judgment for approval by the Court.

IT IS SO ORDERED.

DATED:  June 7, 2006.

_____
Samuel P. King
Senior United States District Judge

United States of America v. Thom Shiraish et al., Civ. No. 04-00678SPK/KSC, Findings of Fact and Conclusions of Law.