IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 04-00678 SPK-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THOM SHIRAISHI; BARBARA ) | |
| SHIRAISHI; DEPT. OF BUDGET ) | |
| AND FISCAL SERVICES, REAL ) | |
| PROPERTY TAX DIVISION, CITY ) | |
| AND COUNTY OF HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE

IT IS ORDERED AND ADJUDGED that pursuant to (1) Rule 54(b) of the Federal Rules of Civil Procedure and (2) the Findings of Fact and Conclusions of Law entered in this case on June 9, 2006, Judgment is entered against defendant Thom Shiraishi and in favor of plaintiff United States of America as of June 19, 2006, in the amounts as follows:

- Loan No. 41-12: $297,781.99, plus interest at the daily rate of $31.5463, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full;

- Loan No. 44-13: $171,750.58, plus interest at the daily rate of $17.7740, until the date of judgment; and interest will accrue thereafter at the legal rate until the indebtedness is paid in full;

- Shared Appreciation Agreement: $246,893.36; and

- Court Costs: $427.00.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. As previously found, Plaintiff USA is entitled to have its mortgages foreclosed upon, said mortgages being valid, subsisting and outstanding mortgages upon the property. The mortgages shall be and are hereby foreclosed as prayed for, and the property covered by the mortgages shall be sold at public auction in a manner authorized by law.

2. The Commissioner as appointed herein by the Court shall sell the property within four months after the Commissioner is appointed as Commissioner, shall hold all proceeds of the sale of the mortgaged property to the credit of this cause subject to the directions of this Court. Upon payment according to such directions, the Commissioner shall file an accurate accounting of Commissioner's receipts and expenses.

3. **ERIC N. HILL** whose address is **1335 River Street, Suite 203, Honolulu, Hawaii 96817** and whose telephone number is **(808) 533-2100** is

hereby appointed by this Court as Commissioner and as such Commissioner shall henceforth hold an equitable and legal title to property, and is hereby authorized and directed to take possession of the property, to rent the property, if appropriate, to sell the property on foreclosure sale to the highest bidder at the Commissioner's sale by public auction, without an upset price, after first giving notice of such sale by publication in at least one newspaper regularly issued and of general circulation in the county wherein the realty is situated, in the state of Hawaii, or in the District of Hawaii.  Said notice shall be published once a week for at least four (4) consecutive weeks, with the auction to take place no sooner than fourteen (14) days after the appearance of the fourth advertisement.  Said notice shall give the date, time, and place of the sale and an intelligible description of the property, including any improvements.  The Commissioner shall have further authority to continue sale from time to time at the Commissioner's discretion.  No bond shall be required of the Commissioner.  In the event that the Commissioner refuses, or becomes unable, to carry out his duties set forth herein, the Court shall appoint another without further notice or hearing.

     4.    The Commissioner shall allow reasonable access to view the subject property, a minimum of two separate days prior to the sale of the subject property, by means of an open house or other reasonable means.

5. The fee of the Commissioner shall be such as the Court deems just and reasonable, together with actual and necessary expenses incurred with the sale of the subject property.

6. The Commissioner shall hold all proceeds from the sale of the mortgaged property to the credit of this cause subject to the direction of this Court. Upon payment according to such direction, the Commissioner shall file an accurate accounting of all receipts and expenses.

7. The order of distribution of the sale proceeds to the parties claiming an interest in the property shall be made in accordance with their respective priorities.

8. The sale so made and confirmed shall perpetually bar defendants herein named and all persons and parties claiming by, through or under them, except governmental authorities enforcing liens for unpaid real property taxes, from any and all right, title and interest in the mortgaged property or any part thereof. At a hearing to consider confirmation of the foreclosure sale, the Court shall hear proof of claims of any other parties, and shall determine the priority among the parties, and the final payment of the proceeds of the foreclosure sale shall be directed.

9. Plaintiff USA and all other parties are hereby authorized to purchase the property at the foreclosure sale. The successful bidder at the foreclosure sale shall be required at the time of such sale to make a down payment to the Commissioner in an amount not less than ten (10%) percent of the highest successful price bid, such payment to be in cash, certified check or cashier's check, provided that Plaintiff USA may satisfy the down payment by way of offset up to the amount of its secured debt. The balance of the purchase price shall be paid to the Commissioner upon approval and confirmation of the sale of the Court and tender of the document transferring title. Such payment is to be in cash, certified check or cashier's check, provided that Plaintiff USA may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt, as appropriate. Costs of conveyancing, including preparation of the conveyance document, conveying tax, securing possession of such mortgage property, escrow services, and recording of such conveyance, shall be at the expense of such purchaser.

10. The sale can be supplemented with the practices and procedures in the State of Hawaii and Section 667 of the Hawaii Revised Statutes.

11. The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded herein.

12. At the hearing on confirmation hereinabove mentioned, if it appears that the proceeds of such sale shall be insufficient to pay all the amounts which are valid claims against defendant Thom Shiraishi and a deficiency exists, judgment shall be entered for such deficiency against defendant Thom Shiraishi and in favor of Plaintiff USA.

DATED:  June 30, 2006



_____
Samuel P. King
Senior United States District Judge

USA v. Shiraishi, et al.
Civil No. 04-00678 SPK-KSC
"Judgment and Interlocutory Decree of Foreclosure"