IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 04-00678 spk ksc |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION FOR TEMPORARY RES- |
| vs. | ) | TRAINING ORDER |
| | ) | |
| THOM SHIRAISHI; BARBARA | ) | |
| SHIRAISHI; DEPT. OF BUDGET | ) | |
| AND FISCAL SERVICES, REAL | ) | |
| PROPERTY TAX DIVISION, CITY | ) | |
| AND COUNTY OF HONOLULU, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER

Assistant U.S. Attorney Harry Yee would file an unauthorized frivolous foeclosure action on November 16, 2007, while the Defendant was pursuing USDA's administrative appeal rights, triggered by Plaintiff's adverse decisions in regards to Defendant's Homestead Protection application.

Regulation 7 C.F.R. § 1955.907(c)(3); 1962.17(b)(2)(i) (2003) prohibits foreclosure if an application for loan servicing is pending. Defendant's Homestead Protection was still pending.

12 C.F.R. § 614.4510(1) Forebearance Requirements; Before foreclosure can be granted, all genuine issues of material fact must be resolved. Defendant's Homestead Protection that remains unresolved is an issue of material fact.

7 USCS § 1981a; before foreclosure is pursued, Defendant <u>must</u> be provided with written notice of his right to apply

for deferral relief. Mr. Yee provided no notice denying the Defendant his appeal rights and his Civil Rights.

There is an abundance of cases that have been consistent of the borrowers right to notice and an opportunity to be heard as provided in Item 7 of Defendant Affidavit. This requirement is provided in USDA's regulations, the U.S. Constitutional due process rights Amend V. and under Civil Rights, 7 C.F.R. § 1901.202. Mr Yee will ignore governments own regulations.

7 C.F.R. § 1951-907 (d); The government has no discretion in not following its own regulations.

Mr. Yee's unauthorized frivolous foreclosure came before Judge King that would provide his flawed Foreclosure Judgment and Conclusion of Law thats on appeal with the 9th circuit Court of Appeals. Shortly thereafter, Mr. Yee will proceed with an auction knowing that Defendant had filed an appeal with the National Appeals Division on Plaintiff's adverse decisions after Judge King provided title to Defendant's property through his foreclosure judgment, refused to allow Defendant to apply for the Homestead Protection after the USDA acquired the property through foreclosure.

7 C.F.R § 1951.707; The account <u>will not</u> be <u>liquidated</u>, until the borrower has the <u>opportunity to appeal any adverse decision</u>. Mr. Yee refused to cancel the auction scheduled for September 19, 2006.

In order to have the National Appeals Division (NAD) the opportunity to address the Defendant's appeal, filed for

2

bankruptcy on September 8, 2006, triggering an automatic stay. Had the Defendant not filed for banruptcy the property would have been sold as the National Appeals Division would inform the Defendant that his appeal has been lodged but would receive this notice after the scheduled auction date of September 19, 2006.

Separate Motions for Relief of Stay was filed by Mr. Yee and the Defendant. Judge Faris of the Bankruptcy Court granted Defendant's Motion for Relief of Stay and prohibited another auction during the appeals process. Assistant U.S. Attorney Edric M. Ching replacing Mr. Yee was instructed to draft the order, who in turn drafed two orders. Mr. Ching in drafting Defendant's order will not include the barring of another auction and provide another order allowing Mr. Yee to proceed with another auction. Defendant refused to sign the order granting Mr. Yee's Motion for Relief of Stay.

Defendant's USDA administrative appeals process, U.S. Constitutional due process and his Civil Rights appeared to have been restored but will soon learn that they were denied by Judge Faris as Harry Yee was granted his Motion for Relief of Stay and auctioned off Defendant's property before the National Appeals Division could render their determination of the pre hearing conference conducted on December 14, 2006, that was mailed from the Regional Office on Janurary 10, 2007, a day after the auction.

It is inconceivable to the Defendant that two opposing Motions would be granted simultaneously, but Judge Faris did

3

just that and in doing so has joined the Plaintiff, the U.S. Attorney's Office, Judge King in denying Defendant his USDA appeal rights, his U.S. Constitution due process right and his Civil Rights and refusing to acknowledge the governments own regulations, leaves this Defendant that anyone can obtain any justice from the Federal Courts.

Irreparable harm and loss would occur if this Court confirms the auction sale of Defendant's property on January 9, 2007. Should the National Appeals Division determination be favorable, there would be no property in USDA's inventory to grant the Homestead Protection with the option to repurchase the property before the five year lease ended. Refusal to allow the Defendant pursue his appeal right through the National Appeals Division and allow the confirmation of the auction sale will deny the Defendant of his livelihood and the opportunity to repurchase his property.

Additionally if this Courts confirms the auction sale and the 9th Circuit Court of Appeals determines that Judge King erred on this foreclosure judgment and his Conclusions of Law and restore Defendants rights, how is the Defendant able to exercise his rights that is no longer available if this Court is to confirm the auction sale as the new owner is unable to provide the Homestead Protection that was denied by the refusal of the USDA/FSA, U.S. Attorney's Office, Judge King and Judge Faris to acknowledge governments own regulations.

And if the 9th Circuit Court provided a judgment on

damages claimed. The amount would not be sufficient to purchase a similar site, let alone the costs for infrastructure, building and constructions costs to current standards at todays prices.

What is the purpose of the appeals process if any agency (USDA/FSA) refuses to comply with its own regulations, and also ignored by the U.S. Attorney's Office, the judges in Federal District and Bankruptcy Courts that is supposed to protect a citizens Constitutional Rights?

Inmates in federal prisons have better equal protection rights than the private citizen. The USDA/FSA officials, U.S. Attorney's Office, Judge King and Judge Faris refusal to comply with the governments own regulations and selling Defendant's property before his appeal is addressed is equivalent to executing an inmate before his appeal is heard.

There is no justification to not allow the Defendant to exhaust his appeal remedies by confirming the auction sale of Defendant's property on January 9, 2007 that was prohibited by the governments own regulations. This Court should grant Defendant's Motion for Temporary Restraining Order as time is of essence, to prevent irreparable harm and loss as adequate time does not exist for the National Appeals Division to make their determination before the time frame for confirmation of the auction sale expires.

It is further requested that the 10 day timeframe be extended to accomotate the National Appeals Division time

5

frame of notification of their determinations provided in Item 77 of Defendant's Affidavit.

The Defendant requests that the Temporary Restraining Order be granted without written or oral notice to the Plaintiff as irreparable harm and loss will result before any opposition can be heard.

For this Court to deny Defendant's Motion for a Temporary Restrainig Order to impose a stay on the confirmation of the auction sale of Defendant's property on January 9, 2007, and not allow the Defendant his Constitutional due process to be heard provided by Amend V. note 86 and provided by USDA's administrative appeals process will also join the previous mentioned parties in denying the Defendant's Constitutional and Civil Rights.

There is no prejudice to the Plaintiff that has consistently refused to comply with its own regulations to allow the Defendant to exhaust his appeal remedies, but will prejudice the Defendant should this Court proceed and confirm the auction sale of Defendant's property on January 9, 2007.

It would be further injustice for this Court to confirm the auction sale when governments own regulation prohibited the sale while Defendant's appeal was still pending.

DATED: Honolulu, Hawaii, January 29, 2007.

THOM SHIRAISHI PRO SE