6 December 2006

The Honorable Robert J. Faris
United States Bankruptcy Judge
1132 Bishop St., Suite 250L
Honolulu, Hi 96813

Re: Bk. No. 06-00636

Dear Judge Faris:

I received Mr. Ching's letter to you dated December 1, 2006 and am disturbed in Mr. Ching in misconstruing the facts, when he provides his statement, "and he has not responded to our submission".

I received the Orders specified in items 1 and 2. I approved the Order granting my Motion for Relief of Stay that you provided on November 15, 2006 to allow the National Appeals Division (NAD) to address my appeal to be allowed to apply for the Homestead Protection Program after USDA/FSA was provided title to my property on 19 Jun 2006 through a court judgment.

My Motion also provided that the DOJ be prohibited from pursuing another auction while NAD is conducting it appeals process.

Mr. Ching requesting you to approve the United States of America's Motion for Relief of Stay, two opposing Motion simultaneously is without merit and displays the inability to exercise simple logic and common sense.

My Motion is to allow me to apply for the Homestead Protection Mr. Ching's counterpart, Mr. Harry Yee attempted to deny by proceeding with an auction that is prohibited by USDA's regulations after obtaining the title to my property through foreclosure. Mr. Yee's action if I hadn't filed for bankruptcy would have sold the property and denied me of my right to apply for the Homestead Protection Program that provided a five year lease and the opportunity to repurchase the property before the end of the five year term.

Mr. Ching's statement that I had not responded and implying I never returned either item 1 or 2 is a blatant lie in efforts to discredit me through fraudulent statements.

EXHIBIT
"E"

After returning the Order granting my Motion for Relief of Stay to Mr. Ching, I would receive a call from Mr. Erick Hill, the Commissioner assigned to auction off the property on 19 Sept 06. Mr. Hill informed me that Ms. Teri Zamora, Paralegal from the U.S. Attorney's Office contacted him and advised him to proceed with another auction under the instruction of Assistant U.S. Attorney, Mr. Harry Yee.

Mr. Yee had no authority to pursue an auction of the property provided to the USDA/FSA through judgment on 19 Jun 06, without their approval and prohibited by federal regulations that the USDA must adhere to. Mr. Yee placed himself above the law in that he didn't have to abide to federal regulations mandated upon the USDA/FSA, and now Mr. Ching is attempting what Mr. Yee couldn't accomplish that is against federal regulations.

To support my allegations, the following regulations are provided.
1. 7 CFR § 1951.911 (B)(iii) "when the agency acquires title to the farm property, the borrower <u>will</u> be sent Exhibit M of this subpart, by certified mail, return requested, no later than the date of acquisition". This notice allows the borrower to submit his request for the Homestead Protection Program, that Judge King and Mr. Yee pursued to deny. For Mr. Ching, Where does it imply that the DOJ should proceed to sell the property?

2. FmHA Instruction 1951-S, Exhibit A, Attachment 1, page 7, IV, 5), "If FSA has already taken your property, you must apply within 30 days to the date FSA took your property". The judgment date is 19 Jun 06, when Judge King through his foreclosure judgment provided USDA/FSA title to my property. Mr. Ching, Where does it state that the DOJ may proceed with an auction if I had applied for the Homestead Protection and determined eligible? That regardless if I had applied and a determination of my application has not been completed that the DOJ could proceed with an auction that is barred by federal regulations governing USDA's services and programs?

3. 7 USCS § 2000 (b), "Occupancy of Homestead Protection upon foreclosure...". Mr. Ching, how am I supposed to be provided my right to apply for the Homestead Protection while your requesting to pursue an auction at the same time? Mr. Yee nor you are interested in regulations that prohibit your actions nor my Constitutional due process rights of programs provided by Congress and covered by the Constitution of protected benefits.

4. 7 CFR § 1910.202 Nondiscrimination in FmHA or its successor Agency under Public Law 103, 354 Programs. Mr. Yee, Judge King and now Mr. Ching is pursuing to violate my Civil Rights in attempts to deny my rights to apply for any services or programs (homestead protection) provided by Congress and covered by the Con-

2

stitution of protected benefits.

    5. 7 C.F.R. § 1951.907, "Any servicing request will be processed as indicated in §1951.909. "The account <u>will not</u> be liquidated until the borrower has the opportunity <u>to appeal any adverse decision</u>, that Mr. Yee attempted to deny me of my appeal rights under USDA's administrative appeals process and violating my Constitutional procedural due process rights, Amend. V, Note 86 & 86. Now Mr. Ching wants me to approve United States of America's Motion for Relief of Stay to allow him also to violate my USDA's appeals rights as well as my Constitutional rights provided, under Amend V. Note 86&87.

    6. 7 CFR § 1955.15(5) "Appeals". This regulation reads in part, "will not be submitted to the OGC for foreclosure action <u>until all appeals related to any preservation rights</u> have been concluded. (Homestead Protection is a preservation servicing program) Mr. Yee proceed with his frivolous foreclosure action while my Homestead Protection appeal was still pending and now Mr. Ching is attempting to persuade this court to grant their Motion for Relief of Stay in that they could pursue to sell the property before my pending appeal is addressed, that is prohibited by the enclosed regulations.

Mr. Ching needs to provide his logic to pursue an auction before the National Appeals Division has an opportunity to address my appeal to be provided the Homestead Protection that provides a lease for five years and an opportunity to repurchase the property within the five year term.

    1. First Mr. Ching, if the court granted your MOtion and was successful in selling the property, how would I have the opportunity to repurchase the property that the USDA no longer owns.

    2. Second, in order for the National Appeal Division to grant me the Homestead Protection, must have the property in their inventory. How is that possible if you sold the property?

    3. Mr. Yee ordering Mr. Hill to proceed with another auction, has exceptional psychic powers that he is able to determine that the National Appeals Division will reject my request for the Homestead Protection before the appeal hearing. As Mr. Ching has the same psychic powers that he wants this court to grant the United States of America's Motion for Relief of Stay. With such powers both should abandon their law profession for a psychic one.

Both Mr. Yee and Mr. Ching are knowledgable of the above regulations if they took the time to review the documents that I have filed with this court, and neither has produced <u>one</u> regulation that supercedes any of the regulation that I have

3

provided, to support their actions or their request for their Motion submitted.

Mr. Ching has only demonstrated to this writer that he is just as arrogant as Mr. Yee, placing themselves above the law by refusing to abide by federal statues and regulations that governs the USDA in their services and programs. As officers of the Court to ignore and violate a persons Constitutional due process rights is not my interpretation of Department of Justice, but the Department of Injustice.

If Mr. Ching had any integrity, moral standards or any ethics, would have allowed your ruling to grant the National Aappeals Division to conduct their appeals process of my pending appeal to be granted the Homestead Protection Program for a period of five years with the option to repurchase the property within the five year term. Would not attempt to obtain an approval of the United States of America's Motion for Relief of Stay as he is not that good of a psychic to determine if the National Appeals Divisions will/willnot provide me with the homestead protection. Mr. Ching has followed Mr. Yee in putting the cart before the horse in his actions.

Therefore, as Mr. Ching has requested for you to approve both orders, I am requesting that Mr. Ching's request to have the United States Motion for Relief of Stay be denied. To allow Mr. Ching's request be granted would be a miscarrage of justice.

Your consideration of my request would be greatly appreciated.

Respectully,

*[signature]*

Thom Shiraishi, Debtor, Pro Se


cc: Edric M. Ching
    Assistant U.S. Attorney

4