IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 04-00678 SPK/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOM SHIRAISHI; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT THOM SHIRAISHI'S MOTION FOR
TEMPORARY RESTRAINING ORDER

Defendant Thom Shiraishi filed a Motion for Temporary Restraining Order
on January 29, 2007.  Defendant apparently seeks to halt foreclosure proceedings
pending disposition of his appeal.  Among other things, the Motion indicates that
"irreparable harm and loss would occur if this Court confirms the auction sale of
Defendant's property on January 9, 2007."  Memorandum in Support at 4.  At
several points in his Motion, Defendant asks the Court to stay the confirmation of
sale on January 9, 2007.

A review of the record indicates that no confirmation of sale motion has

1

been filed by Plaintiff nor has one yet been scheduled. The record does contain a commissioner's report of January 25, 2007, but no motion for confirmation of sale has been filed (and clearly none for January 9, 2007).[1] For that reason alone, the standard necessary for a grant of a temporary restraining order has not been met. See, e.g., Los Angeles Memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980) (imposing a temporary restraining order requires (1) a serious question on the merits; and (2) the balance of hardships tips sharply in the moving party's favor); Big County Foods v. Board of Education, 868 F.2d 1085 (9th Cir. 1989) (indicating a need for a significant threat of irreparable injury).

Until an actual motion for confirmation of sale is filed, the present motion is premature. In any event, to the extent Defendant desires to stop all foreclosure proceedings while he attempts to appeal this Court's earlier Findings of Fact and Conclusions of Law, the Motion for Temporary Restraining Order would appear to be more properly sought as a motion for stay pending appeal under Fed. R. App. P. 8 (such relief likely requiring the posting of a supersedeas bond).

---

[1] An auction apparently occurred on January 9, 2007, after Plaintiff obtained relief from a bankruptcy stay. The Court, however, cannot issue a temporary restraining order to halt something that has already occurred.

For the foregoing reasons, the Motion for Temporary Restraining Order is

DENIED.

IT IS SO ORDERED.

Dated:  February 5, 2007.



Samuel P. King
Senior United States District Judge

United States of America v. Shiraishi, Civ. No. 04-00678SPK/KSC, Order Denying Defendant
Thom Shiraishi's Motion for Temporary Restraining Order.