IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL NO. 04-00678 SPK KSC |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION FOR RECINDING INTER- |
| VS. | ) | LOCUTORY DECREE OF FORE- |
| | ) | CLOSURE, CONFIRMATION HEAR- |
| THOM SHIRAISHI; BARBARA | ) | ING ON DEFENDANT'S PROPERTY |
| SHIRAISHI; DEPT. OF BUDGET | ) | SOLD JANUARY 9, 2007 |
| AND FISCAL SERVICES,REAL | ) | |
| PROPRTY TAX DIVISION, CITY | ) | |
| AND COUNTY OF HONOLULU, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR
RECINDING INTERLOCUTORY DECREE OF FORECLOSURE,
CONFIRMATION HEARING ON DEFENDANT'S
PROPERTY SOLD JANUARY 9, 2007

The following cases are provided in support that the

Defendant was unjustly denied of his rights provided under 7 USCS

§ 1981a, and the foreclosure was prohibited. Rather than provid-

ing an Interlocutory Decree of Foreclosure, should have allowed

the Defendant his right to apply for deferral relief as the fore-

closure was driven due to a monetary default.

1.   Ramey v. Block 738 F.2d 756 (6th Cir.(Tenn)(Jul 11,1984)

(NO. 83-5167) Borrowers alleged that the Secretary of Agriculture

abused his discretion by failing to implement the Consolidated

Farm and Rural Development Act, loan deferral provisions through

promulgation of adequate loan servicing regulations, and sought

injunction to stop foreclosure sale until they would be afforded

opportunity to apply for deferral pursuant to those regulations.

The Unites States District Court for the Eastern District of

Tennessee, Robert L. Taylor R., enjoined the

foreclosure sale pending final disposition of the case.

2.   U.S. v. Wynn 528 F.2d 1048 C.A. 5 (Ga) Mar 18, 1976;
FmHA brought suit to evict borrowers on a rural housing loan,
following a foeclosure sale.  The United States District Court
for the Middle District of Georgia, at Thomasville, J Robert
Elliot, Chief Judge, granted a Motion to Dismiss, questioning
the validity of FmHA's arguments of Defendant's purported waiver
of notice and hearing prior to foreclosure.

3.   United States v. Servaes (1985, WD Mo) 608 F. Supp
775; Borrowers who obtained FmHA farm loans <u>are entitiled to in-</u>
<u>junction enjoining Administration efforts to foreclose</u> and gain
possession of property until borrower are given opportunity to
apply for and obtain various loans for which they qualify, as
FmHA's decision to foreclose was based on Defendant's monetary
default.

4.   Jacoby v. Schuman, 568 F. Supp. 843 (E.D. Mo. Jun
14, 1983)(No. N83-00240); Secretary of Agriculture is <u>required</u>
to provide borrowers under farm loan program an opportunity to
show their eligibility for loan deferral relief program.

The Court found the officials of the Department of Agri-
culture abused their discretion in failing to full consider
applicability of loan deferral relief with regard to borrowers.
FmHA will be enjoined from foreclosure on farm until such time
as promulgate regulation implementation of 7 USCS § 1981a, on
notice and opportunity to be heard.

5.   Shick v. FmHA of USDA (1984, CA 1. Mass) 748 F.2d 35;

Borrowers brought suit seeking to recover their family farm from FmHA.

Skelton, Senior Circuit Judge, held that the FmHA District Director <u>was required</u> to give the borrowers notice of their right to apply for a moratorium on the payment of their loans at the time the loans were accelerated by FmHA.

Prior to time loans were accelerated and failure to give notice, the borrowers were excused from exhausting administrative remedies prior to bringing action, alleging that their property was taken <u>in violation of statutory and Constitutional Law</u>.

6. Curry v.Block (class-action) 738 F.2d 1556, C.A. 11 (Ga) Aug 15, 1984 enjoined foreclosure by FmHA under the Consolidated Farm and Rural Development Act §§301 (b) et seq. 331A, as amended 7, Imposed a mandatory duty on Secretary of Agriculture to implement a deferral program.

7. Matzke v. Block (1984, CA 10 Kan) 732 F.2d 799; Enjoined foreclosure by FmHA under 7 USCS § 1981a; Secretary has no discretion as to whether or not to implement section at all or whether to consider any request under statutory standards, and thus, regulations must be promulgated by Secretary to place §1981a into operation.

8. Smith v. Block (1986, CA 9 Idaho) 748 F.2d 993; FmHA was enjoined from foreclosure under 7 USCS § 1981a . That FmHA <u>must</u> give borrower personal notice of their right to apply for deferral relief and establish procedural framework which would afford borrowers hearing in which they could show their entitlement to relief.

3

9.    Allison v. Block 723 F.2d 631 (8th Cir Mo) Dec 28, 1983 (NO. 8301194);   The Court of Appeal Circuit Judge, Heaney, ruled with respect to the Consolidated Farm and Rural Development Act section, providing for deferring of farm loan payments and foregoing foreclosure, the Secretary was <u>required</u> to promulgate both procedural and substantive regulations to implement that loan deferral relief program.

10.   The government conceded that notice is mandated under §1981a and were acknowledged by the cases referenced within. Defendant was obviously denied of his right to apply for deferral relief when Plaintiff accelerated his loans and when pursued foreclosure.  Upon learning that the borrowers were denied their rights of notice and opportunity to be heard for deferral relief enjoined foreclosure and provided the borrowers their right to apply for deferral relief, that right should not be denied this Defendant.

11.   The Interlocutory of Decree of Foreclosure and the Confirmation Hearing of the Sale on Janurary 9, 2007 must be rescinded and allow the Defendant his right to apply for deferral relief and be allowed to exhaust his appeal with the National Appeals Division (NAD) that is pending, to address his Homestead Protection issue.

12.   There is no prejudice to the Plaintiff that has denied the Defendant of his rights more than one occasion provided by 7 USCS § 1981a, but would prejudice the Defendant to be denied of his rights provided by the precedent of many cases and upheld

4

by it's appropriate Appeals Court.

Defendant must also be allowed his Constitutional rights to have his appeal in regards to his Homestead Protection issues before the National Appeal Division be concluded.

DATED: Honolulu, Hawaii, February 12, 2007.

_____
THOM SHIRAISHI PRO SE