IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 04-00678 SPK KSC |
| ) | |
| Plaintiff, ) | AFFIDAVIT OF DEFENDANT |
| ) | THOM SHIRAISHI |
| vs. ) | |
| ) | |
| THOM SHIRASHI; BARBARA ) | |
| SHIRAISHI; DEPT. OF BUDGET ) | |
| AND FISCAL SERVICES, REAL ) | |
| PROPERTY TAX DIVISION, CITY ) | |
| AND COUNTY OF HONOLULU, ) | |
| ) | |
| Defendants. ) | |

AFFIDAVIT OF DEFENDANT THOM SHIRAISHI

| | |
|---|---|
| STATE OF HAWAII ) | |
| ) SS. | |
| CITY AND COUNTY OF HONOLULU ) | |

THOM SHIRAISHI, being first duly sworn upon oath, deposes and says;

1. Defendant THOM SHIRAISHI is appearing pro se in this matter.

2. That he has personal knowledge of matters hereinafter stated and does hereby make this Affidavit in support of Defendant's Motion for Recinding Interlocutory Decree of Foreclosure and Confirmation Hearing on Defendant's property sold on January 9, 2007.

3. On November 17, 2004, while Defendant had an appeal pending, Assistant U.S. Attorney, Harry Yee would file for a judicial foreclosure prohibited by regulation 7 USCS § 1981a, that provided that before foreclosure can be pursued the

Defendant must be provided with written notice of his right to apply for deferral relief as foreclosure is driven due to a monetary default.

4. There are many cases other than provided in Defendant's Memorandum in Support of Motion for Recinding Interlocutory Decree of Foreclosure, Confirmation Hearing on Defendant's Proterty sold on January 9, 2007, that have set a precedent with the required notices of the borrower's right to apply for deferral relief, enjoined foreclosures, to allow the borrower to exercise his right to apply for deferral relief provided by 7 USCS § 1981a.

5. In Defendant's case, rather than enjoining the foreclosure and allowing the Defendant to exercise his right to apply for deferral relief as had cases that have set a precedent, an Interlocutory Decree of Foreclosure was granted, whereupon despite regulations prohibited the sale as the Defendant had an appeal pending with the National Appeals Division, Plaintiff proceeded with an auction and sold the property on January 9, 2007.

6. Defendant has a Constitutional right to apply for a deferral relief under 7 USCS § 1981a and to have his appeal with the National Appeals Division be addressed of Defendant's right to apply for the Homestead Protection Program, that cannot occur if the sale of January 9, 2007 is confirmed at the confirmation hearing.

7. To deny recinding the Interlocutory Decree of Foreclosure and the Confirmation Hearing on the sale of Defendant's property on January 9, 2007, and denying the Defendant his Con-

stitutional rights to apply for deferral relief under 7 USCS § 1981a, and have his appeal with the National Appeals Division be concluded would be in violation of Statutory and Constitutional Law.

Further Affiant sayeth naught.

_____
THOM SHIRAISHI PRO SE

Subscribed and sworn to before me this 12th, day of February, 2007.

_____
Notary Public, State of Hawaii

My Comission expires Dec 17, 2009

Charlotte Caulk