MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR STAY FOR PLAINTIFF'S MOTION FOR ORDER OF SALE TO
APPROVE COMISSIONER'S REPORT, DISTRIBUTION OF PROCEEDS,
DISPOSAL OF PERSONAL PROPERTY, AND FOR WRIT OF POSSESSION

1. Plaintiff UNITED STATES OF AMERICA, hereinafter referred to as USA, and this Court violated Defendant's USDA'S administrative appeals due process rights, his U.S. Constitutional due process rights, Amend V., and his Civil Rights under 7 C.F.R. § 1901.202.

2. The Federal Court will look to all applicable statutes and to the opinions of the highest court which have dealt with the issues involved. West v. Amer. Tel 311 U.S. 223.

3. This Court obviously neglected to conduct any research in providing its Judgment and Interlocutory Decree of Foreclosure or its Conclusions of Law. This Court provided one case in support of Plaintiff USA'S Complaint that has no rellevance in this case as will be displayed within.

4. This Court did not provide any opinions from any District Court nor from any Appeals Court in support of its position that it had the authority to impose a condition and time frame to a legal document that was not provided within the document, nor that this Court had the authority to order Defendant's property to be sold that was provided to the USDA through its Interlocutory Decree of Foreclosure and prohibited by USDA'S regulations when Homestead Protection is involved, nor had the discretion to ignore Plaintiff's own regulation that must be complied with before pursuing foreclosure and prohibits foreclosure while an appeal is pending by 7 C.F.R. § 1951.907(d). The Government has no discretion in not following its own re-

gulations, nor does this Court to ignore. This Court provided no authority to address a Confirmation Hearing on Defendant's property sold on Janurary 9, 2007 that was prohibited by Plaintiff's regulation while Defendant's appeal with the National Appeals Division (NAD) was in process. 7 C.F.R. § 1951.907, "The account <u>will not</u> be <u>liquidated</u> until the borrower has the <u>opportunity to appeal any adverse decision</u>". (emphasis added)

    5. This appeal was triggered after Plaintiff USA refused to allow the Defendant to apply for the Homestead Protection Program after the USDA acquired Defendant's property through this Court's Interlocutory Decree of Foreclosure. Plaintiff's and this Court's actions violated Defendant's USDA's administrtive appeals due process rights. his U.S. Constitutional procedural due process rights, Amend V., and his Civil Rights under 7 C.F.R. § 1901.202.

    6. This Court refused to comply with its duties as provided in Item 2. This Court has provided that the Defendant's testimony was not credible, therefore, the Defendant will provide statutes, regulations, lower court and appeal court rulings that are credible and display that this Court's Judgment and Interlocutory Decree of Foreclosure and its Conclusions of Law are erroneous and lack any credibility. This will also be displayed by this Court's refusal to address <u>all the facts</u> before providing its Judgment and Interlocutory Decree of Foreclosure and its Conclusions of Law.

    Had this Court complied with Item 2, reviewing all statutes and regulations provided or made any effort to research

2

any issue unfamilar before issuing its rulings that is obvious by the appeal courts rulings, would most likely have ruled as the lower courts and appeals courts rulings and opinions that will follow.

    7. Some of the issues that was provided in Defendant's Thom Shiraishi's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment or Interlocutory Decree of Foreclosure and for Defiency Judgment filed on <u>May 25, 2005</u>, and subsequent filings, provided <u>adequate time</u> for this Court to research and address the issues that would have provided ample regulations, and an abundance of District Court and Appeal Court rulings and opinions that follows that <u>enjoined foreclosures, foreclosure sale, and eviction.</u> Rather, this Court would allow a trial to proceed and grant its Judgment and Interlocutory Decree of Foreclosure to Plaintiff USA.

    8. This Court's Interlocutory Decree of Foreclosure allowed Plaintiff USDA, that were the lein holder to the mortgages, become the legal owners of the Defendant's property as provided by USA'S Complaint that provides; "This Civil action by Plaintiff UNITED STATES OF AMERICA (hereinafter referred to as Plaintiff), <u>for the benefit and credit of the United States Department of Agriculture, Farm Service Agency</u>". Therefore, this Court's Judgment and Interlocutory Decree of Foreclosure is for the benefit of USDA and not this Court, and has no authority to order the sale of Defendant's property at an auction

    9. Any agency, business entity, or person holding mortgages on real property, upon pursuing a foreclosure and granted

an Interlocutory Decree of Foreclosure, determines if it wishes to retain the property or sell, and not this Court. In the instant case, regulations prohibit the sale of the property to protect the Defendant's rights to apply for the Homestead Protection after USDA acquired Defendant's property through this Court's Interlocutory Decree of Foreclosure, and if the USDA is to provide that right must be the successful bidder at a public auction for its own property acquired by this Courts Interlocutory Decree of Foreclosure is senseless, illogical and lacks any common sense.

10. This Court cite no authority that it can order the recipient of its Interlocutory Decree of Foreclosure, (USDA), that its propery will be sold at an auction without its desire or concurrence, that is prohibited by Plaintiff's own regulation. Plaintiff USA did not file for an Order of Judicial Sale, therefore lacked any authority to order Defendant's property to be sold at auction.

11. Plaintiff's duties created in its statutes and regulations in processing its services and programs become contract rights when a borrower is determined eligible and relies upon the representations, and Plaintiff fails to perform its statutory duties give rise for a claim of relief. Kipf v. U.S. 501 F. Supp. 110 (D. Mont. 1980)

12. This Court learning that Defendant had an appeal pending was sufficient to enjoin foreclosure and Plaintiff refusal to comply with its own regulations added further support that Plaintiff's Complaint was unauthorized and frivolous.

13. Plaintiff USA and this Court was aware of the

4

$115,000.00 withheld from a court approved settlement in Civil No. 85-0360, an excerpt of Bank of Hawaii's Motion to Compel Farmers Home Administration to Finalize Loans in Accordance with Settlement Agreement, dated 17 September 1986, a true and correct copy is attached hereto and incorporated by reference as <u>EXHIBIT "1"</u>.

Plaintiff's only evidence of any disbursal from the $200,000.00 Farm Ownership Loan approved in this court, a true and correct copy is attached hereto and incorporated by reference as <u>EXHIBIT "2"</u>, provides the sum of $85,000.00 disbursed and the sum of $115,000.00 unaccounted for. Despite confronted with the withheld $115,000.00, Plaintiff USA was unable to provide any evidence it was disbursed to the Defendant, made no attempts to correct this adverse decision that would have eliminated the default that was caused by the Plaintiff's breach that led to foreclosure would render foreclosure mute.

It should be obvious to any competent court that withholding 57.5% of any loan proceeds would cause difficulties or harm and the specific harm or injury need not be known to be held liable. This Court could not or intentionally ignored the obvious, that Plaintiff USA'S breach of court approved funds was the direct cause of Defendant defaulting and leading to foreclosure, would not enjoin the foreclosure and should have ordered the Plaintiff USA to release the court approved $115,000.00 that would allow the Defendant to eliminate the deficiency that caused the foreclosure and allow the Defendant to recover.

14. Plaintiff's action was addressed in Jacoby v. Block

5

NO. N83-0024C (E.D. Mo. June 14, 1983) FmHA's failure to advance the <u>total loan amount</u> was successful in enjoining foreclosure. The court took note of FmHA's role in precipitating the borrower's demise. "The plaintiff's understandably incurred debts in anticipation of a certain amount being forwarded, but for the lesser ammount being forwarded, Plaintiffs would probably not be in the predicament they are today". In the instant case Plaintiff not only withheld 57.5% or $115,000.00 from the Farm Ownership Loan but disbured the Operational Loan over the course of $2\frac{1}{2}$ years. This Court refused to consider all facts , especially those raised by the Defendant that will follow.

As Plaintiff was involved and aware of the intended use of the funds provided through settlement negotiations and approved in this court, its actions are provided under Wanton Negligence, 57A Am Jur 2d §272; Inherent in wanton negligence is the idea of moral fault arising from the doing or failing to do an act with reckless indifference to the consequences and with consciousness that the act or omission will probably cause serious injury. Drake v. Drake, 260 Neb. 530, 618 N.W. 2d 650 (2000)

If the Plaintiff can be said to have been at <u>fault</u> in <u>any degree</u>, he will be held to be <u>barred of recovery</u>. It is immaterial whether the Plaintiff's fault was one of action or nonaction, misfeasance or nonefeasance, he is held to be without remedy. Little v. Hackett, 116 US 366, 29L Ed 652 6 S.Ct. 391

This Court was unable to make a similar determination as in the Jacoby v. Block case and it should have been obvious in the instant action, Plaintiff's breach of court approved funds

6

is liable for damages incurred from the breach and has standing to be sued for breach of contract and for damages, has no grounds for filing for foreclosure driven by default caused by its own actions and be provided with a Judgment and Interlocutory Decree of Foreclosure.

Plaintiff releasing Defendant's Operational Loan over the course of 2½ years and withholding $115,000.00 of his Farm Ownership Loan, caused the Defendant to incur overdraft charges despite thousands remained undisbursed, causing work stoppages from lack of materials and supplies, having to release his workers as he could not afford to pay for idle time. From a previous Hydroponic operations the Defendant managed, the potential loss of crop income calculated from actual production obtained, totaled $332,640.00/yr. from Plaintiff's breach of court approved funds.

This Court need not know the specific loss to enjoin the foreclosure, only that Plaintiff's breach was most likely the cause of Defendant's default was sufficient to review and consider all facts introduced, including Plaintiff's breach of court approved funds and its statutory duties, before issuing any decision. That Plaintiff's breach would cause harm was obvious and foreseeable leading to the Defendant defaulting, justified dismissal, not warranting a trial or an Interlocutory Decree of Foreclosure.

15. Had this Court conducted any research on foreclosures involving USDA'S FmHA/FSA, would have found an abundance of cases ruled by District Courts and the Court of Appeals on Defendant's right of notice and the opportunity to apply for deferral relief

<u>before</u> foreclosure is pursued, pursuant to 7 USCS § 1981a. The District Courts that ruled that the borrower <u>must</u> be provided with personal notice of his right to apply for deferral relief <u>before</u> Plaintiff can pursue foreclosure.

    a. Allison v. Block 956 F. Supp 400 (1982)
    b. Jacoby v. Schuman 568 F. Supp 843 (1983)
    c. Kenneth Allison v. Cavanaugh NO. 80-4226 CV-C-H (1983)
    d. Gates v. Block NO. 83-6025-CV-SJ (1983)
    e. United States v. Servaes (1985 WD Mo) 608 F. Supp 775
    f. Chandler v. Block 589 F. Supp 876 (1983)
    g. William v. Butts (NO 176-153 SD. Ga (Oct 7, 1977)
    h. Coleman v. Block AL-83-47-CV (S.D. Dak. May 1983)

16. The Appeals Courts confirming Defendant's protection of notice and opportunity to apply for deferral relief before foreclosure is pursued pursuant to 7 USCS § 1981a.

    a. Curry v. Block (class action) 738 F.2d 1556 C.A. 11 (Ga) Aug 15, 1984, set a precedent that the borrower <u>will</u> be informed of his right to apply for deferral relief, when experiencing difficulties from circumstances beyond his control, when evaluating a farmers past production records that indicated difficulties, when any <u>delinquency notice</u> or <u>any acceleration</u> notice is sent and <u>before</u> pursuing foreclosure, as foreclosure is driven due to a monetary default.

    b. Allison v. Block 723 F.2d 631 (8th Cir. 19830
    c. Ramey v. Block 738 F. 2d 756 @ 763 (6th Cir. 1984)
    d. Matzke v. Block (1984, C.A.10 Kan) 732 F. 2d 799
    e. Smith v. Block (1986 C.A. 9 Idaho) 748 F. 2d 933
    f. U.S. v. Wynn 528 F.2d 1048, C.A. 5 (Ga) March 18, 1976
    g. Shick v. FmHA (1984, C.A. 1 Mass) 748 F.2d 35; borrowers brought suit seeking to recover their family farm from FmHA, Skelton, Senior Circuit Judge, held that FmHA <u>was required</u> to give the borrowers <u>notice of their right for a moratorium</u> on

8

the payment of their loans at time the loans were accelerated by FmHA. In the Instant case the Plaintiff provided no notice when sending their deficiency or acceleration notices nor before filing for foreclosure.

The Judge ruled that prior to time loans were accelerated and failure to give notice, the borrowers were excused from exhausting administrative remedies prior to bringing action, alleging that their property was taken in violation of statutory and Constitutional Law, the very action this Court provided in granting its Interlocutory Decree of Foreclosure.

h.  U.S. v. Wynn 528 F.2d 1048, C.A. 5 (Ga.) March 18, 1976 FmHA brought suit to evict the borrowers on a rural housing loan, following a foreclosure sale. J. Robert Elliot, Chief Judge granted a motion to dismiss, questioning the validity of FmHA's argument of Defendant's purported waiver of notice and hearing prior to foreclsore.

Gates v. Block NO 83-06025-CV-SJ (W.D. Mo May 5, 1983) The Gates challenged the validity of FmHA's acceleration of Plaintiff's loan payments and the non-judicial foreclosure sale of their farm. <u>Significantly</u>, the challenge came after the sale had taken place and the Gates were facing eviction. The same issue the Defendant is addressing this Court.

The Court preliminary enjoined FmHA from proceeding to evict the Gates. The Gates Court <u>found</u> that the Plaintiff received no notice of §1981a deferral relief and and therefore been denied a "meaningful" opportunity to challenge the acceleration which lead to foreclosure. The exact conditions in the instant case.

9

The Court also found that the Plaintiff's due process rights were violated because the governments involvement in the non-judicial foreclosure sale of the Gates farm. Similarly, the Plaintiff and this Court has violated Defendant's USDA's appeals due process rights, his U.S. Constitution due process rights, Amend V., and his Civil Rights, 7 C.F.R. § 1901.202. Plaintiff's breach of court approved funds and their denying the Defendant his rights to apply for deferral relief before pursuing foreclosure as confirmed by the 1st, 5th, 6th, 8th, 9th, 10th and 11th Circuit Court Appeals is more than sufficient to recind this Court's Interlocutory Decree of Foreclosure and Confirmation hearing scheduled for April 25, 2007.

It is highly unlikely that the 9th Circuit Court of Appeals will overturn its previous ruling providing the Defendant's right to apply for deferral relief before the Plaintiff can pursue foreclosure, to entertain this Court's Interlocutory Decree of Foreclosure or its Confirmation Hearing.

16. This Court provided no citing, statutes, regulations, district court or appeal court rulings in support of its Judgment and Interlocutory Decree of Foreclosure and provided <u>one</u> case in support of Plaintiff's foreclosure; Bank of Honolulu v. Anderson 3 Haw. App. 545, 654 P.2d 1370 (1982) in its Conclusions of Law that lacks any relevance or merit when the facts and evidence provides that Defendant's defaulting on his loans were the direct cause of the Plaintiff's breach of court approved funds and denying the Defendant his U.S. Constitutional

10

due process rights and his Civil Rights to apply for deferral relief before Plaintiff pursued foreclosure.

17. This Court provided that Plaintiff USA established that the applicable federal regulation does not prohibit acceleration and foreclosure of loans while Defendant's Homestead Protection was pending.

Had this Court complied with its duties as provided in Item 2 and <u>looked at all applicable statutes</u>, must conduct research which was obvious none or would have obtained the very regulations provided by this pro se farmer, that provides that the Plaintiff's foreclosure was prohibited.

1. 7 USCS § 1981a, Had this Court done any research would have found ample district court and appeal court ruling as provided by the Defendant that prohibited Plaintiff's foreclosure and this Court's Interlocutory Decree of Foreclosure.

2. This Court was also aware of an appeal as provided in Defendant Thom Shiraishi's Amended Proposed Finding of Fact and Conclusions of Law, item 61. 7 C.F.R. § 1955.15 <u>Appeals</u>: "Foreclosure action <u>will</u> be held in abeyance while any appeal is pending".

3. 7 C.F.R. § 1955.907(c)(3); 1963.17(b)(2)(i)(2003) If a delinquent FSA borrower has a pending application for loan servicing, the borrower is protected from attempts by FSA to collect against the security property. Defendant's Homestead Protection was unresolved.

4. 12 C.F.R. § 614.410(1) Forebearance Policy; All genuine issues of material fact <u>must</u> be resolved before fore-

11

closure can be granted. Homestead Protection is a material fact that was unresolved.

    5. 7 C.F.R § 1955.15: Foreclosure by the Government of loans secured by real estate; three conditions must be met before foreclosure will be initiated.

    1) When all reasonable efforts have failed to have the borrower voluntarily liquidate the loan through sale of the property.

    2) The borrower refuses to voluntary conveyance

    3) Or refuses to enter into an accelerated repayment agreement when applicable servicing regulations permit.

    The Offer to Convey Security was offered on January 30, 2004 and accepted by the Plaintiff on May 25, 2004, therefore, prohibited foreclosure.

    6. 7 C.F.R. § 1951.907(d) The government has no discretion in not following its own regulations, nor does this Court have the discretion to ignore its non-compliance.

    18. <u>APPEAL:</u> The taking of an appeal automatically ousts the trial court of further jurisdiction in the case, until the appeal is determined. While the appeal is pending, the trial court has no power to alter or vacate the judgment, nor to make any other order or decree affecting the rights of the parties with respect to the matters upon which the appeal is taken. 114F.2d 267

    Similiarly, the Plaintiff has its own regulation on USDA'S Administrative appeals due process rights and has no discretion to not comply, nor does this Court have the discretion to ignore any non-compliance. Plaintiff and this Court has ignored and denied the Defendant of his USDA'S Administrative appeals due process rights and violated his U.S. Constitutional due process rights,

and his Civil Rights.

19. 7 C.F.R. § 1955.15(5) <u>APPEALS</u>: "Foreclosure actions will be <u>held in abeyance while an appeal is pending</u>. No case will be referred to OGC for processing of foreclosure until a borrower's appeal and <u>appeal review have been concluded</u>". (emphasis added)

20. Defendant had an appeal pending on Plaintiff's adverse actions in regards to the Homestead Protection Program and had not been concluded when Plaintiff filed its unauthorized, frivolous foreclosure on November 16, 2004.

21. When this Court provided its unjustified Interlocutory Decree of Foreclosure, allowing Plaintiff USDA to acquire Defendant's property, Defendant applied for Homestead Protection provided by regulations; 7 C.F.R. § 1951.911; FmHA Instruction 1951-S Exhibit A, Attachment 1, page 7 IV 5 and 7USCS § 2000.

Plaintiff denied the Defendant to apply for Homestead Protection and refused to provide a requested application when regulation 7 C.F.R. § 1910.4 (b) provides: "All persons requesting an application <u>will be provided exhibit A</u>".

22. 7 C.F.R. § 1900.56(a): Plaintiff's refusal to allow Defendant to apply for Homestead Protection <u>must</u> provide in writing within 15 days of this adverse decision.

23. 7 C.F.R. § 1910.6(h); 7 C.F.R. § 1900.55(b); Plaintiff refusing to allow Defendant to apply for Homestead Protection <u>must</u> notify <u>in writing</u> of this adverse decision and provide <u>specific reasons</u> for the denial and will be advised of any appeal rights.

24. 7 C.F.R. § 1900.51(b); Plaintiff not providing

13

any notice of its adverse decisions that displays delaying or stalling reflecting a lack of action is an adverse action. Despite 7 C.F.R. § 1951.907(d) provides that the Government has no discretion in not following its own regulations, Plaintiff displays its complete disregard to those regulations.

25. Plaintiff's refusal to respond, Defendant filed an appeal with the National Appeals Division (NAD) on August 14, 2006.

26. 7 C.F.R. § 1951.970: "The account <u>will not</u> be liquidated until the borrower has the opportunity to <u>appeal any adverse decision</u>. Plaintiff will continue in its defiance of its own regulations and schedule an auction for September 19, 2006.

27. To allow NAD the opportunity to address Defendant's appeal, filed for bankruptcy on September 8, 2006. Had the Defendant not filed for bankruptcy, the property would have been sold as NAD provided their determination but will not arrive until the day after the scheduled sale.

28. After the Defendant was granted his Motion for Lift of Stay from the Bankruptcy Court to allow NAD to resume Defendant's appeal, Plaintiff will defy its own regulations and sold Defendant's property on January 9, 2007 while his appeal with NAD was still pending.

29. This Court was aware that Defendant had an appeal pending when Plaintiff filed its unauthorized foreclosure on November 16, 2004, and was aware of the appeals Defendant had filed after granting its Interlocutory Decree of Foreclosure

and was appraised of Defendant's efforts to have his USDA'S administrative appeals due process rights, his U.S. Constitutional due process rights and his Civil Rights restored in Defendant's Motion for Temporary Restraining Order filed on January 29, 2007.

30  When the Regional NAD'S hearing officer determined she did not have jurisdiction to conduct a hearing, Defendant filed his request for Director Review, a true and correct copy is attached hereto and incorporated by reference as <u>EXHIBIT "3"</u>. As noted the filing date is February 14, 2007 and NAD has 30 business days to respond.

31. The Plaintiff has ignored and defied its own regulations on Defendant's right to appeal and have denied that right three (3) times and this Court have ignored the Plaintiff's non-compliance of its regulations and the denying the Defendant's USDA's administrative appeals due process rights, his U.S. Constitutional due proces rights Amend V., and his Civil Rights 7 C.F.R. § 1901.202. The Plaintiff denying the Defendant of his appeal rights and selling his property and this Court approving Plaintiff's action is akin to executing the inmate before his appeal is heard.

32. Now this Court has scheduled a hearing on Plaintiff's Motion for Order of Sale to Approve Commissioner's Report that should have been denied and dismissed, and should this Court deny Defendant's Motion for recinding its Interlocutory Decree of Foreclosure and Confirmation Hearing on Defendant's Property sold on January 9, 2007, an automatic appeal will be filed.

CONCLUSION

It is obvious from the district courts ruling, provided in item 15 and the majority of appeal courts provided in item 16 of the Defendant's right to apply for deferral relief pursuant to 7 USCS § 1981a, was denied by the Plaintiff before proceeding with foreclosure, prohibited Plaintiff's foreclosure and this Court's Interlocutory Decree of Foreclosure.

Other issues provided within were also adequate to have enjoined foreclosure that included, Plaintiff's breach of court approved funds, non-compliance with its own regulations that prohibited foreclosure and denying the Defendant his USDA'S administrative appeals due process rights, his U.S. Constitutional due process rights Amend. V., and his Civil Rights 7 C.F.R. § 1901.202.

Should this Court Deny Defendant's Motion for Rescinding Interlocutory Decree of Foreclosure, Confirmation Hearing on Defendant's Property sold January 9, 2007, and approve the Plaintiff's Motion for Order of Sale to Approve Commissioner's Report, Distribution of Proceeds, Disposal of Personal Property and for Writ of Possession, Defendant will file a Motion for Stay of Execution and allow the 9th Circuit Court of Appeals to resolve the issues brought before this Court.

DATED: Honolulu, Hawaii, March 20, 2007.

*[signature]*
THOM SHIRAISHI PRO SE

16