EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

HARRY YEE  3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850-6100
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-mail:  harry.yee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THOM SHIRAISHI; BARBARA SHIRAISHI; DEPT. OF BUDGET AND FISCAL SERVICES, REAL PROPERTY TAX DIVISION, CITY AND COUNTY OF HONOLULU,<br><br>　　　　　Defendants.<br>_____ | CIVIL NO. 04-00678 SPK-KSC<br>(Foreclosure)<br><br>MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO RESCIND INTERLOCUTORY DECREE OF FORECLOSURE AND FOR STAY; DECLARATION OF HARRY YEE; EXHIBITS "A" and "B"; CERTIFICATE OF SERVICE<br><br>HONORABLE SAMUEL P. KING<br>DATE:  April 25, 2007<br>TIME:  10:00 a.m. |

MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTIONS TO RESCIND INTERLOCUTORY
<u>DECREE OF FORECLOSURE AND FOR STAY</u>

In response to Defendant Thom Shiraishi's Motion to Rescind Interlocutory Decree of Foreclosure filed February 12, 2007 and his Motion for Stay filed March 20, 2007, the United States files the following consolidated response.

As to both pending motions, Defendant Thom Shiraishi has failed to state a claim upon which relief can be granted by this Court.  In accordance with Rule 12 (b) (6) of the Federal Rules of Civil Procedure, Defendant Thom Shiraishi is required cite to the applicable law and facts, which together constitute claim justiciable by this Court.  Here in both motions, Defendant Thom Shiraishi argues without support that the judgment of this Court violated his constitutional rights.  This same vague and ambiguous argument was presented at trial by him through his attorney (Steven Geshell).

Upon review of Defendant Thom Shiraishi's  Motion to Rescind the Decree of Foreclosure, it is merely a string of inapplicable cases citations and excerpts without any statement of how they relate to the present case with a conclusion that his constitutional rights are at issue.  This motion should be reviewed and denied as a request for relief under FRCP Rule 60(b).  In order to prevail under Rule 60(b) Defendant Thom Shiraishi must prove one of the following:

    (1)  mistake, inadvertence, surprise, or excusable neglect;
    (2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
    (3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
    (4)  the judgment is void;
    (5)  the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no

> longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

There is no discernable claim for relief or evidence to support a claim based on any of the grounds enumerated in FRCP Rule 60(b).

As to Defendant Thom Shiraishi's Motion for Stay, it is untimely and without merit, since he has already received an automatic stay from the Bankruptcy Court (In re: Thom Shiraishi; Bk No. 06-00636) beginning on September 8, 2006 when filed a bankruptcy petition. On December 4, 2006, Bankruptcy Judge Faris ordered the automatic stay lifted as to this case so that sale of the foreclosed property could proceed. (Attached as Exhibit "A" to the Declaration of Harry Yee.) On January 23, 2007, a final decree pursuant to Chapter 7 of the Bankruptcy Code was entered in Defendant Thom Shiraishi's bankruptcy case. The judgement of this Court was not affected by this final bankruptcy decree (Attached as Exhibit "B" to the Declaration of Harry Yee). Now Defendant Thom Shiraishi is back before this Court asking for another stay presumably pursuant to Federal Rules of Appellate Procedure Rule 8(a). In order to meet the requirements of Rule 8(a) Defendant Thom Shiraishi must state "the reasons for granting the relief requested and the facts relied on" however, in his memorandum in support he simply re-argues his defenses to foreclosure, which remain insufficient reason to further delay the judgement of this court. All of the claims raised in both

motions have been decided by this Court should be precluded from further review under the doctrines of res judicata and collateral estoppel. Caldeira v. County of Kauai, 866 F.2d 1175 (C.A.9 Hawaii 1989).

    The United States respectfully requests that Defendant Thom Shiraishi's Motion to Rescind Interlocutory Decree of Foreclosure filed February 12, 2007 and his Motion for Stay filed March 20, 2007 be denied with prejudice.

    DATED: April 6, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Harry Yee

By_____
  HARRY YEE
  Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 04-00678 SPK KSC |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| THOM SHIRAISHI; BARBARA SHIRAISHI; DEPT. OF BUDGET AND FISCAL SERVICES, REAL PROPERTY TAX DIVISION, CITY AND COUNTY OF HONOLULU, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

CERTIFICATE OF SERVICE

I hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served electronically through CM/ECF:

R. STEVEN GESHELL         geshlaw@lava.net

Served by First Class Mail:

THOM SHIRAISHI
P.O. Box 1063
Waianae, HI 96792

DATED: April 6, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii
/s/ Harry Yee
By_____
  HARRY YEE
  Assistant U.S. Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA