ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

THOM SHIRAISHI PRO SE
P.O. Box 1063
Waianae HI. 96792
Telephone: (808) 696-2874

 1 2 2007

IN THE UNITED STATES DISTRICT COURT

at __ o'clock and __ min. __M
SUE BEITIA, CLERK

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 04-00678 SPK KSC |
| | ) | |
| Plaintiff, | ) | DEFENDANT THOM SHIRAISHI'S |
| | ) | RESPONSE TO UNITED STATES OF |
| vs. | ) | AMERICA'S MEMORANDUM IN OP- |
| | ) | POSITION TO DEFENDANT'S MO- |
| | ) | TION TO RECIND INTERLOCUTORY |
| THOM SHIRAISHI; BARBARA | ) | DECREE OF FORECLOSURE AND |
| SHIRAISHI; DEPT. OF BUDGET | ) | FOR STAY; EXHIBITS "A", "B" |
| AND FISCAL SERVICES, REAL | ) | "C" and "D"; |
| PROPERTY TAS DIVISION, CITY | ) | CERTIFICATE OF SERVICE |
| AND COUNTY OF HONOLULU, | ) | |
| | ) | |
| Defendants. | ) | HONORABLE SAMUEL P. KING |
| | ) | DATE: April 25, 2007 |
| | ) | TIME: 10:00 a.m. |

DEFENDANT THOM SHIRAISHI'S RESPONSE TO
UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO RECIND INTERLOCUTORY
DECREE OF FORECLOSURE AND FOR STAY

In response to Plaintiff United States of America's

Memorandum in Opposition to Defendant's Motion to Recind

Interlocutory Decree of Foreclosure filed on April 6, 2007,

is Defendant's consolidated response.

In United States of America's Memorandum in Opposi-

tion through Assistant U.S. Attorney, herein after referred

to as Mr. Yee, argues that Defendant is required to cite ap-

plicable law and facts and makes reference to Rules 12(b)(6),

60(b), 59(b), etc.

These rules are after the fact. How about the statutes,

regulations that the Plaintiff is mandated to comply with has

failed its statutory duties while regulation 7 C.F.R. § 1951.

907 (d) provides that the government has no discretion in not following its own regulations. Mr. Yee and Judge King is also the government and do not have any discretion to ignore the Plaintiff's non-compliance which is obvious in the instant case.

The federal court will look to <u>all applicable statutes</u> and to the <u>opinions of the highest court which have dealt</u> with the <u>issues involved</u>.West v. Amer. Tel 311 U.S. 223

Mr. Yee alleges Defendant's Motion is "merely a string of inapplicable cases citations and excerpts without any statement how they relate to the present case with a conclusion that his constitutional rights are at issue"

There is a reason when statutes, regulation, rules, etc., are provided that Mr. Yee and Judge King is refusing to acknowledge or unable to exercise simple logic and common sense.

What good are these statutues, regulations, rules, etc., if they are not complied with?  Mr. Yee argues that the Defendant has not complied with a few rules of the Federal Rules of Civil Procedure, is unable to comprehend what anyone with an eigth education could comprehend.  If the Plaintiff had complied with its regulation by performing its statutory duties mandated by law, the Federal Rules of Civil Procedures wouldn't be involved.

Mr. Yee's own actions defying the very regulations that the Plaintiff has an obligation to comply with and ignoring its non-compliance, as well by Judge King makes a mockery of our justice system.

Mr. Yee is unable to comprehend how these string of inapplicable cases relate to the present case. Allow this pro se farmer to provide his simple logic and common sense approach.

Mr. Yee filed his unauthorized frivolous foreclosure that was prohibited by the following regulations. 7 C.F.R. § 1955.15; Foreclosure action <u>will</u> be held in abeyance while an appeal is pending. What part of will doesn't Mr. Yee understand?

12 C.F.R. § 614.4510(l); All genuine issues of material fact <u>must</u> be resolved before foreclosure can be granted. Defendant's Homestead Protection application was on appeal when Mr. Yee filed his unauthorized foreclosure on November 16, 2004. Homestead Protection is an issue of material fact that was unresolved.

7 C.F.R. § 1951.907(c)(3); 1962.17(b)(2)(i)(2003); If a delinquent FSA borrower has a pending application for loan servicing (Homestead Protection), the borrower is <u>protected</u> from attempts by FSA to collect against the security property.

7 USCS § 1981a is the most compelling that has been addressed in many district courts and by the 1st,5th, 6th,8th, 9th, 10th and the 11th circuit court of appeals, the very action the Plaintiff and Mr. Yee are guilty of. Refused to provide the required notice of Defendant's right to apply for deferral relief provided by Congress and covered under the Constitution of protected benefits.

3

These courts have set a precedent that Mr. Yee calls inapplicable cases are unrelated to the instant case. Had Mr. Yee or Judge King done any research, Mr. Yee would know that his foreclosure was bogus and Judge King may have enjoined or dismissed Mr. Yee's frivolous foreclosure.

Defendant is confident that the 9th circuit court of appeals will not overturn its own ruling on Smith v. Block (1986 C.A. 9. Idaho) to accomodate Mr. Yee's unauthorized foreclosure or Judge King's Foreclosure Judgment and Interlocutory Decree of Foreclosure.

Judge King failed in his duties as referenced prior to look to <u>all applicable statutes</u> that applies to the Plaintiff and confirm compliance before addressing Mr. Yee's foreclosure.

Had Mr. Yee or Judge King conducted any research, would have the very statutes and regulations that the Plaintiff failed to comply with that the Defendant will provide.

First and foremost, that Judge King should have dismissed Mr. Yee's foreclosure upon learning of Plaintiff withholding $115,000.00 in a settlement approved by this court in Civil No. 85-0360, provided in filed documents.

Plaintiff withholding $115,000.00 of a $200,000.00 or 57.5 percent in court approved funds is a breach of contract and the Plaintiff is liable for any damages as the resultant of the breach. The Plaintiff has standing to be sued and lacks grounds to file a foreclosure action for a default caused by its breach.

Plaintiff's very action was addressed in Jacoby v. Block NO. N83-0024c (E.D. Mo. Jun 14, 1983); FmHA's failure to advance

the <u>total loan amount</u> was successful in enjoining foreclosure,
that Judge King ignored or incapable to exercise logical de-
duction.  The court took note of FmHA's role in precipitating
the borrower's demise.  "The Plaintiff's understandably incurred
debts in anticipation of a certain amount being forwarded, but
for the lesser amount being forwarded, Plaintiff's would probably
not be in the predicament they are today".  The very actions of
the Plaintiff ignored by Mr. Yee and Judge King.

After Judge King granted his erroneous Interlocutory
Decree of Foreclosure, ordered Defendant's property to be sold
at auction without authority.

Mr. Yee provided in his Complaint; "this civil action
by Plaintiff UNITED STATES OF AMERICA (hereinafter referred to
as Plaintiff),  for the <u>benefit and credit of the United States</u>
<u>Department of Agriculture, Farm Service Agency</u>".  Therefore,
when Judge King        granted his Interlocutory Decree of
Foreclosure, USDA that were the lein holders, became the legal
owners of the property and Judge King has no authority or jur-
isdiction to order USDA's property to be sold without their in-
tent or concurrence.

When an agency, entity or person files for foreclosure
and granted an Interlocutory Decree of foreclosure determines
if   they wish to retain or sell the property, not any court.

When the Plaintiff acquired Defendant's property through
Judge King's Interlocutory Decree of Foreclosure, Defendant
applied for Homestead Protection provided by 7 C.F.R. § 1951.11
(B)(iii);

FmHA Instruction 1951-S, Exhibit A. Attachment 1, Page 7, IV, 5; and 7 USCS § 2000. When Plaintiff refused to allow the Defendant to apply or respond, the Defendant filed an appeal with the National Appeals Division.

Knowing that the Defendant had filed an appeal Mr. Yee refused to cancel the auction scheduled for September 19, 2006. 7 C.F.R. § 1951.907; "The account <u>will not</u> be liquidated until the borrower has the opportunity to <u>appeal any adverse decision"</u>.

In order to preserve Defendant's USDA'S administrative appeals due process rights, his U.S. Constitutional procedural due process rights, Amend V., 7 C.F.R. § 1910.3(c); 7 C.F.R. § 1900.53 and his Civil Rights 7 C.F.R. § 1901.202, filed for bankruptcy on September 8, 2006. Had the Defendant not filed for bankruptcy, Mr. Yee would have sold the property as the National Appeals Division provided their determination on September 23, 2006.

Mr. Yee and the Defendant filed separate Motions for Relief of Stay. Judge Faris granted Defendant's Motion for Relief of Stay and instructed Assistant U.S. Attorney Mr.Edric Ching who replaced Mr. Yee to draft the order, upon which Mr. Ching drafted <u>two orders</u>. Defendant's Motion for relief of Stay, a true and correct copy is attached and incorporated by reference as Exhibit "A".

Mr. Ching provided the Defendant both Orders for approval. Defendant approved the order that Judge Faris granted but refused to approve the Plaintiff's Order. Mr. Ching's unethical conduct is provided in his letter dated December 1, 2006.

Mr. Ching's letter a true and correct copy is attached hereto and incorporated by reference as Exhibit"B".

In response to Mr. Ching's letter lying that the Defendant had not responded, provided his letter to Judge Faris, a true and correct copy is attached hereto and  incorporated by reference  as Exhibit "C".

Mr. Ching's Order granting United States of America's Motion for relief of Stay, a true and correct copy is attached hereto and incorporated by reference as Exhibit "D".  It is noted that Defendant did not approve this Order. It is incomprehensible to the Defendant that counsel can stoop so low displays lack of any integrity or moral standards to submit two apposing motions, is consistent within the USDA and the U.S. Attorney's Office in Honolulu.

Mr. Yee provides that the judgment of this Court violated his Constitutional rights, is not supported by Defendant's arguments.  Judge King in not conducting any research can be concluded by the fact that he has not provided one case precedent to support his Foreclosure Judgment, Interlocutory Decree of Foreclosure or his Conclusions of Law.

If Mr. Yee could exercise some common sense would realize that any service or programs provided by Congress for the benefit of the farmers and and is denied his/her right to apply that is provided by the fourth and fifth amendment affirmed by the courts are Constitutional due process rights.

Not only did the Plaintiff continuously denied the Defendant his rights provided by USDA'S administrative due pro-

cess rights, under the Fifth Amendment and his Civil Rights,
Mr. Yee and Judge King also violated those rights by ignoring
the Plaintiff's non-compliance of its own regulations.

While Mr. Yee alleges non-compliance with a few rules,
he has refused to address the Plaintiff's non-compliance and
the following regulations that the Plaintiff has displayed its
complete disregard, failed to exercise due care that Mr. Yee
and Judge King had no discretion to ignore.

1.   7 C.F.R. § 1901.202
2.   7 C.F.R. § 1951.911
3.   7 C.F.R. § 1951.907 (d)
4.   7 C.F.R. § 1955.15
5.   7 C.F.R. § 1963.17 (b)(2)(i)(2003)
6.   7 C.F.R. § 1910.4 (b)
7.   7 C.F.R. § 1900.56 (a)
8.   7 C.F.R. § 1900.55 (b)
9.   7 C.F.R. § 1910.4 (d)
10.  7 USCS § 1981a
11.  7 USCS § 2000
12.  7 C.F.R. § 1900.53
13.  7 C.F.R. § 1910.6 (b)
14.  7 USCS §§ 1921
15.  7 USC § 6991(1)
16.  7 C.F.R. § 1910.3 (a)
17.  7 C.F.R. § 11.1
18.  7 USC § 1921
19.  7 C.F.R. § 1900.51 (b)
20.  7 USC §§ 301 (b)
21.  7 USC §§ 1927
22.  7 C.F.R. § 780.15
23.  7 USCS § 6994
24.  7 C.F.R. § 1900.75
25.  7 C.F.R. § 1910.5 (b)

The Plaintiff's actions are addressed by the following.

1. 42 USCA § 1985
2. 42 USCA § 1986
3. 7 C.F.R. § 1983
4. 7 C.F.R. § 1986
5. 28 USC § 1343(a)(1)(2)(4)
6. 28 USC § 1346 (b)
7. 7 C.F.R. § 1.303
8. 57 Am Jur 2d § 273
9. 57A Am Jur 2d § 252
10. 22 Am Jur 2d § 253

The following district courts that ruled of Defendant's right of notice and opportunity to apply for deferral relief <u>before</u> foreclosure is pursued and <u>must</u> be provided with personal written notice, that Plaintiff, Mr. Yee and Judge King denied, that is a violation of Defendant's USDA'S administrative due process rights, his U.S. Constitutional due process rights, Amend V. and his Civil Rights including discrimination by refusing and denying a program offered to others.

1. Allison v. Block 956 F. Supp 400 (1982)
2. Jacoby v. Shuman 568 F. Supp 843 (1983)
3. Kenneth Allison v. Cavanaugh NO. 80-4226 CV-C-H (1983)
4. Gates v. Block NO. 83-6025-CV-SJ (1983)
5. United States v. Servaes (1985 WD Mo) 608 F.Supp 775
6. Chandler v. Block 589 F. Supp 876 (1983)
7. William v. Butts (NO 176-153 SD. Ga (Oct 7, 1977)
8. Coleman v. Block AL-83-47-CV (S.D. Dak. May 1983)
9. Curry v. Block 608 F. Supp. 1407 (S.D. Ga., May 06,1985)(NO. CIV. A. 281-037)

The appeal courts that addressed the Plaintiff's, Mr. Yee's and Judge King's actions in denying the Defendant his

Constitutional rights to apply for deferral relief before
foreclosure is pursued or addressed.

1. Shick v. FmHA (1984, C.A 1 Mass) 748 F.2d 35
2. U.S. v. Wynn 528 F.2d 1048, C.A. 5 (Ga) March 18, 1976
3. Ramey v. Block 738 F.2d 756 @ 763 (6thCir. 1984)
4. Allison v. Block 723 F.2d 631 (8th Cir. 1983)
5. Smith v. Block (1986 C.A. 9 Idaho) 748 F.2d 933
6. Matzke v. Block (1984, C.A. 10 Kan) 732 F.2d 799
7. Curry v. Block 738 F.2d 1556 C.A. 11 (Ga) Aug 15, 1984

The above district and appeals courts enjoined foreclosures,
foreclosure sales and eviction for the exact actions committed by
the Plaintiff, obviously embraced by Mr. Yee and Judge King.

The facts are clear that the Plaintiff, Mr. Yee and Judge
King hiding behind the skirts of immunity, has displayed their
arrogance with complete disregard of the governments own regula-
tions, have the audicity to allege that the Defendant defaulted
on his loans that was the direct result of Plaintiff's breach of
contract by withholding $115,000.00 in court approved funds.

For justice to prevail all facts must be considered, and
requires to have an unbiased judge that can remain independant
of the parties and complete a through review of the actions of
both parties before issuing its judgment.

The Plaintiff, Mr. Yee and Judge King may provide the
authority to nullify all the regulations that the Plaintiff
refused to comply with listed on page 8 and Mr. Yee and Judge
King had no discretion to ignore the Plaintiff's noncompliance,
and how Plaintiff's breach of $115,000.00 causing the Defendant
to default is justice served by filing a unauthorized frivolous

10

foreclosure and grant an Interlocutory Decree of Foreclosure.

Plaintiff, Mr. Yee and Judge King is unable to see the obvious that an uneducated person applying common sense could determine. Plaintiff was to provide funds approved by this court and the Defendant is required to repay those funds with interest.

Any person with any intelligence can comprehend that if the funds promised are not provided, the purpose of those funds cannot be completed and the obvious is foreseeable and predictable, DEFAULT.

Plaintiff's breach of its statutory duty and defying this courts approved settlement agreement is the main cause of Defendant defaulting, has no standing, be granted a foreclosure judgment or an Interlocutory Decree of Foreclosure.

The following are Plaintiff's actions addressed by a few of the courts.

1. Plaintiff's actions that resulted in harm to the Defendant in loss of crop revenues, unjustified accrued interest that would not exist had the Plaintiff performed its statutory duties and complied with its own regulations, is liable for their actions outside the scope of their employment, even though they have acted under the color of state office. Johnson v. Busby Civ. NO. 79-1045 (S.D. 1987)

2. The governments breach of a statutory duty gives Defendant a claim for damages based on the act of Congress. Davis v. Romney 335 F. Supp 29 (E.D. Pa 1973); Kipf v. U.S. 501 F. Supp. 110 (D. Mont. 1980)

3.  Under the good samariton doctrine, ie., one who undertakes to act even gratuitously is required to exercise due care and will be liable for damages resulting from failure to do so. Block v. Neal 103 S. Ct. 1089(1983)

4.  A duty establishes the legally recognized obligation of the Plaintiff to the Defendant (is provided by Plaintiff's statutes and regulations). Herrera v. Quality Pontiac 2003-NM. SC 134 N.M. 43, 73 p.3d 181 (2003)

5.  Victims of a violation of the federal constitution by a federal officer have a right under the Bivens Doctrine to recover damages against the officer in federal court despite the absence of any statute conferring such right. Carlson v. Green 446. U.S. 14,100 S.Ct. 1468,64 L.Ed 2d15 (1980)

6.  Plaintiff actions depriving the Defendant of pro-perty rights without due process is provided by the Fourth Amendment. Miller v. Stanmore 636 F. 2d 986(5th Cir. 1981)

7.  The law is clear that "judicial review" is avail-able when the administrative agency fails to follow procedures outlined in regulations adopted by that administrative agency. Graham v. Caston 568 F.2d 1092. 1097 (1979); Accardi v. Shaugh-nessy 347 U.S. 260. 98 L. ed 681 (1954)

8.  Plaintiff's breach of court approved funds is lia-ble for damages resulting from the breach.  Brajales Romero v. American Airline Inc. 194 F.3d 288 Fed. R. Serv. 3d 1157 (1st Cir. 1999)

9.  The courts have found the procedures outlined in

regulation adopted by that administrative agency (FSA) are not discretionary functions but mandatory duties. The decision relies on judicial interpretation of the U.S. Constitution Fifth Amendment requirement of due process of protected benefits. Coleman v. Block AL. 83-47-CV (S.D. Dak. May 1983)

10. Plaintiff's violation of Defendant's Fifth Amendment rights were provided by the Supreme Court. Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed. 2d 846 (1979)

11. Right to damages or claim of Defendant being deprived of property without due process of law. Ricca v. U.S. 488 F. Supp 1317 (E.D. N.Y. 1980); Doe v. U.S. Civil Service Commission 483 F. Supp 539 (S.D. N.Y. 1980) 2nd Circuit

12. Plaintiff's action that a foreseeable consequence is on which a reasonable prudent person would anticipate as likely to result for the performance or nonperformance of an act. Cleveland v. Rolman 297 F.3d 569 (7th Cir 2002); Menifee v. Ohio Welding Products Inc. 15 Ohio St. 3d 75, 472 N.E. 2d 707(1984)

As it is a fact that Plaintiff committed a breach of contract, failed to comply with its own regulations provided on page 8, and the courts have addressed Plaintiff's actions confirming they were prohibited. For this court ignore the Plaintiff's actions and provide a foreclosure judgment and an Interlocutory Decree of Foreclosure and willingly allow a confirmation hearing on the sale of Defendant's property is not only irrational, its a miscarriage of justice.

The Plaintiff refusing to comply with its own regu-

13

lations, denying the Defendant of his right to apply for

for programs provided by Congress and covered under the Con-

stitution of protected benefits, denying the Defendant of

his USDA'S administrative appeals due process rights, his U.S.

Constitutional procedural due process rights, Amend. V, vio-

lating his Amend IV due process rights, violating his civil

rights with its discriminatory acts and Mr. Yee and Judge King

in refusing to acknowledge the Plaintiff's non-compliance has

become an accomplice to Plaintiff's action.

This Court should acknowledge its miscarrage of justice

and grant Defendant's Motion for Recinding Interlocutory Decree

of Foreclosure, Confirmation Hearing on Defendant's Property

sond on January 9, 2007.

DATED: Honolulu, Hawaii, April 12, 2007.

THOM SHIRAISHI PRO SE