THOM SHIRAISHI PRO SE
P.O. Box 1063
Waianae, HI 96792
Telephone: (808) 696-2874

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In Re: | ) | Case No. 06-00636 |
| | ) | (Chapter 7) |
| THOM SHIRAISHI | ) | |
| Debtor, | ) | DEBTOR THOM SHIRAISHI'S |
| | ) | MOTION FOR RELIEF OF STAY |
| | ) | CERTIFICATE OF SERVICE |
| _____ | ) | |

DEBTOR THOM SHIRAISHI'S
MOTION FOR RELIEF OF STAY

    COMES NOW, DEBTOR THOM SHIRAISHI, and moves this Court to enter an Order granting the Debtor relief from automatic stay to allow the National Appeals Division (NAD) to provide a hearing on Debtor's pending appeal.

    1. Ms. Elizabeth M. Webb, Hearing Officer of the National Appeals Division has provided the Debtor the opportunity to petition this Court for a relief of stay that would allow NAD to proceed with a hearing. Debtor is to notify Ms. Webb by 13 Nov 06 of Debtor's action and the Courts response.

    2. Assistant U.S. Attorney, Mr. Harry Yee, hereinafter Mr. Yee knew he had no authority to pursue his first auction is requesting this Court to pursue another auction prohibited by federal regulations, are provided in Debtor's Memorandum in Opposition to United States of America's Motion for Relief of Stay.

    3. Had Mr. Yee had authority to petition this Court for relief of stay, would have provided the regulation per-

EXHIBIT
"A"

mitting him to ignore federal regulation that the U.S. Department of Agriculture is mandated to comply with after acquiring the Debtor's property through judgment on 19 Dept 06, and the Department of Justice has no jurisdiction over the property that lies with the USDA.

    4. Had Mr. Yee provided a written concurrance from the USDA, that he may proceed with an auction would have cause and a defense. He has none as the USDA's regulations implemented by FSA, prohibits the sale of Debtor's property before allowed to apply for the Homestead Protection, that provides a five year lease and the opportunity to repurchase the property before the end of the lease. Mr. Yee is attempting to deny the Debtor that opportunity that the National Appeals Division has concurred to provide a hearing to address the Debtor's appeal.

    5. It is obvious that the National Appeals Division would not have granted an appeal hearing if they did not have been provided Debtor's property through judgment on 19 Sept 06.

    6. Mr. Yee knew he had no authority to pursue an auction, and was provided with regulations prohibiting his actions while Debtor's appeal was pending, rather than cancelling the auction, proceeded with complete disregard to federal regulations the USDA is mandated to comply with, violating the Debtor's rights provided by regulations, denying the Debtor his right to apply for a program provided by Congress and covered by the Constitution of protected benefits, Mr. Yee's actions were reckless, unethical and discriminatory.

    7. The Debtor is requesting that the National Appeals Division be allowed to conduct its appeals process, that FSA officials and Mr. Yee were attempting to deny, should not be denied by this Court.

    8. The Bankruptcy Court would not be involved had FSA officials and Mr. Yee had followed federal regulation and had allowed the Debtor to pursue his administrative appeals due process rights and his Constitutional due process rights.

9. In support of this motion, Debtor provides his Memorandum in Opposition to United States of America's Motion for Relief of Stay, filed with this Court.

WHEREFORE, the DEBTOR, THOM SHIRAISHI requests an Order of this Court granting him a relief of stay, restoring his Constitutional due process rights and his civil rights denied by FSA officials and Mr. Yee. To allow the National Appeals Division to conduct a hearing on my appeal that is pending on this Courts decision on Debtor's Motion for relief of stay. That the United States of America be barred from pursuing another auction during the stay if granted, and any other relief this Court deems proper.

DATED: Honolulu, Hawaii, October 27, 2006

THOM SHIRAISHI DEBTOR
PRO SE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of DEBTOR THOM SHIRAISHI'S Motion for Relief of Stay were duly mailed, postage prepaid to the following on October___, 2006, at their last known addresses.

> HARRY YEE
> Assistant U.S. Attorney
> Room 6-100
> 300 Ala Moana Blvd.
> Honolulu, HI 96850-6100

> JAMES B. NICHOLSON
> Bankruptcy Trustee
> P.O. Box 15696
> Honolulu, HI 96830-5696

DATED: Honolulu, Hawaii, October 27, 2006.

THOM SHIRAISHI, DEBTOR
PRO SE