IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIV. NO. 04-00678 SPK/KSC |
| Plaintiff, | ) |
| v. | ) |
| THOM SHIRAISHI; et al., | ) |
| Defendants. | ) |

ORDER (1) DENYING DEFENDANT'S MOTIONS AND (2) APPROVING REPORT OF COMMISSIONER, CONFIRMING SALE, DIRECTING DISTRIBUTION OF PROCEEDS, FOR WRIT OF POSSESSION, AND FOR DISPOSAL OF PERSONAL PROPERTY

This Order rules on three matters: (1) Defendant Thom Shiraishi's Motion for Rescinding Interlocutory Decree of Foreclosure, Confirmation Hearing on Defendant's Property Sold January 9, 2007 ("Motion to Rescind") [CR 91]; (2) Defendant's Motion for Stay on Plaintiff's Motion for Order of Sale to Approve Commissioner's Report, Distribution of Proceeds, Disposal of Personal Property, and for Writ of Possession ("Motion to Stay") [CR 93]; and (3) Plaintiff's Motion for Order of Sale to Approve Commissioner's Report, Distribution of Proceeds, Disposal of Personal Property, and for Writ of Possession [CR 90]. The matters

were heard on April 25, 2007.  As announced at the hearing, Defendant's Motions are DENIED and Plaintiff's Motion is GRANTED.

I.

The Court denies Defendant's Motion to Rescind and Defendant's Motion to Stay.  Defendant Shiraishi cites 7 C.F.R. § 1955.15(d)(5), which indicates: "Foreclosure actions <u>will be held in abeyance while an appeal is pending</u>.  No case will be referred . . . for processing of foreclosure until a borrower's appeal and appeal review have been concluded, or until the time has elapsed during which an appeal and appeal review may be made[.]" (Emphasis added.)  He argues essentially that this Court and the Assistant United States Attorney are ignoring the plain language of the law in not holding this action in abeyance while he pursues an administrative appeal.

In the April 2006 trial, and in its Findings of Fact and Conclusions of Law of June 2006, the Court has previously reviewed the circumstances of Shiraishi's homestead protection application made in 2001.  That application had been approved and would have allowed Shiraishi to remain on the property for up to five years in a lease-back situation upon conveyance of the property to the United States.  The Court found that the transaction was not completed in 2004 because certain contingencies, i.e., conveying of clear title to the USA, procurement of title

insurance, and payment of corresponding expenses, did not occur. Essentially, Shiraishi prevented the agreement from being consummated. This foreclosure action was not filed until November 16, 2004, well after that prior homestead application had been abandoned. The Court also found that it could not compel the United States to proceed with that 2001 application.

In prior filings with the Court (in January 2007 and in the subject motions), Shiraishi has argued that he seeks or has sought an appeal from these 2004 decisions regarding the 2001 application. And, apparently, Shiraishi has filed a <u>new</u> application for homestead protection. The new application was not filed until <u>after</u> the Court issued its June 2006 Findings of Fact and Conclusions of Law, and apparently <u>after</u> the July 2006 Judgment was entered in this case. The record indicates that the new application (or appeal arising from the 2004 homestead protection matters) was denied and that there may be a further administrative appeal of the new (2006) application pending -- not of the 2001 application or related 2004 matters.

The regulations cited by Plaintiff are inapplicable for an administrative appeal for the <u>new</u> homestead protection application, filed after a trial on the merits of the subject loans, after Judgment has entered, and while sale proceedings are being finalized. A borrower who has defaulted on multiple Farm Service Agency

loans cannot file multiple applications for homestead protection and multiple appeals in an effort to forestall final sale of the property, after prior homestead protection processes have failed and after a full trial on the merits of the foreclosure action and after Judgment has entered.

Further, an administrative appeal from administrative proceedings in 2004 is way too late.  See 7 C.F.R.  1951, Subpt. S, Exh A, VII[1/] and section IX ("If you do not appeal an adverse determination. . . FSA will accelerate your loan account. . . [and] repossess the collateral or start legal foreclosure or liquidation proceedings[.]").

On September 8, 2006, Defendant Shiraishi filed a petition in the U.S. Bankruptcy Court for the District of Hawaii and did receive an automatic stay of these proceedings until the Bankruptcy Court's order of December 4, 2006.  The Bankruptcy Court then lifted the stay to allow these proceedings to continue so long as "no deficiency judgement shall be entered against debtor without further

---

[1/] 7 C.F.R. § 1951, Subpt. S, Exh. A, VIII, regarding "What Happens When You Are Turned Down for Homestead Protection or Debt Settlement Programs?" provides in applicable part:

> Appeal rights will be provided to you after FSA has made a decision on your request for homestead protection. If you first request a meeting with the servicing official instead of an appeal, the time for requesting an appeal will be extended until you are advised of the results of your meeting. You will be provided with the address of USDA's National Appeals Division. <u>Your request for an appeal must be postmarked no later than 30 days from the date you received the final determination.</u>

court approval." As a result of the lifting of the Bankruptcy Court stay the United States moved this Court to confirm and approve the sale of the subject property.

The Court therefore declines to rescind the decree of interlocutory foreclosure and declines to stay these proceedings further.

II.

Upon review of the moving papers and Commissioner's Report, the Court GRANTS Plaintiff's MOTION for Order of Sale to Approve Commissioner's Report, Distribution of Proceeds, Disposal of Personal Property, and for Writ of Possession. The Court finds as follows:

1. That Eric N. Hill, the Commissioner appointed by Order filed herein on July 7, 2006, to sell the mortgaged property referred to in said Order and described in the Complaint filed in this cause and hereinafter described, did make the report of the proceedings had under the said Order and the account of expenses incurred in connection therewith in the report; that the sale as reported by said Commissioner was legally made and fairly conducted; that no exceptions or objections have been filed or made to said Commissioner's Report of the sale or to the confirmation of said sale; that all of the matters and things set forth in said report are true; that said Order has, in all respects, been complied with by said Commissioner; and that the sale of the property for the sum of $455,000.00, to

Rysard Wolf ("Purchaser") is proper and said price is fair and equitable and as high as any that can be obtained under the circumstances.

    2. That the subject property foreclosed upon herein is described in Exhibit "A" attached hereto and made a part hereof.

    3. That pursuant to the terms of the mortgage and note Plaintiff is entitled to interest until the date of closing and therefore the amounts due Plaintiff as of May 31, 2007, are as follows:

    A)    Ownership Loan No. 41-12:

| | |
|---|---|
| Unpaid Principal | $230,288.22 |
| Unpaid Interest | 77,985.05 |
| TOTAL DUE | $308,273.27 |

Plus interest at the daily rate of $31.5463, from May 31, 2007, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full.

    B)    Operating Loan No. 44-13:

| | |
|---|---|
| Unpaid Principal | $129,750.52 |
| Unpaid Interest | 48,149.88 |
| TOTAL DUE | $177,900.40 |

Plus interest at the daily rate of $17.7740, from May 31, 2007, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full.

    C)    Shared Appreciation Agreement dated December 28, 1999, not to exceed $125,000.00.

      D)    Court costs are $427.00.

4. That a fee of $3,455.50, is a reasonable fee for the Commissioner for services as Commissioner; that the Commissioner incurred expenses of sale in the total amount of $1,553.06, for legal notice publication costs and other costs as set forth in the Commissioner's Report filed herein.

### III.

GOOD CAUSE APPEARING THEREFOR, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That the Commissioner's Report filed herein be and the same is hereby in all respects ratified, approved and confirmed.

2. That in accordance with the Findings of Fact and Conclusions of Law entered herein on June 9, 2006, and the Judgment and Interlocutory Decree of Foreclosure entered herein on July 7, 2006, the sale of the subject property for the sum of $455,000.00, to Rysard Wolf, be and the same is hereby ratified, approved and confirmed, and that upon receipt of the full purchase price said Commissioner is hereby ordered and directed to make good and sufficient conveyances thereto to the Purchaser or Purchaser's written order.

3. That the Commissioner be and hereby is allowed the sum of $1,553.06, for taxes and expenses as Commissioner and a further sum of $3,455.50, for services as Commissioner, in a total amount of $5,008.56.

4. That out of the sum of $455,000.00, received from the property

sold, the Commissioner shall pay:

    (a)    To the appropriate authorities, the sum(s) necessary, if any, to pay delinquent real property taxes on the property, prorated to the date of closing;

    (b)    To himself, as Commissioner, the sum of $1,553.06, as reimbursement for taxes and expenses of sale;

    (c)    To himself, as Commissioner, the sum of $3,455.50, as the fee for services as Commissioner;

    (d)    To Plaintiff, the following:

        1)    Ownership Loan No. 41-12:

| | |
|---|---|
| Unpaid Principal | $230,288.22 |
| Unpaid Interest | 77,985.05 |
| TOTAL DUE | $308,273.27 |

Plus interest at the daily rate of $31.5463, from May 31, 2007, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full.

        2)    Operating Loan No. 44-13:

| | |
|---|---|
| Unpaid Principal | $129,750.52 |
| Unpaid Interest | 48,149.88 |
| TOTAL DUE | $177,900.40 |

Plus interest at the daily rate of $17.7740, from May 31, 2007, until the date of judgment, and interest will accrue thereafter at the legal rate until the indebtedness is paid in full.

        3)    Shared Appreciation Agreement dated December 28,

     1999, not to exceed $125,000.00.

    4)  The total amount due Plaintiff is $611,173.67.

  (e)  To Defendant Thom Shiraishi, the remaining proceeds of sale, if any.

  5.  Upon the Commissioner making the aforesaid conveyance and distributions, and the filing herein of the distribution statement and account conforming herewith, said Commissioner shall be discharged from further duties and responsibilities as Commissioner.

  6.  That the defendants herein and all parties hereto and all persons claiming by, through or under said defendants and parties, shall be and are hereby forever barred of and from any and all right, title and interest and claims at law or in equity to the mortgaged property hereinbefore described, and every part thereof, except for liens for real property taxes and assessments lawfully imposed by governmental authorities against the property.

  7.  That a Writ of Possession shall be issued in favor of Purchaser, forthwith, if Defendant Thom Shiraishi fails to cooperate with the orderly and peaceful transfer of the real property and fails to voluntarily vacate the real property.

  8.  That the Purchaser is authorized to dispose of any personal property, if any, which remains on the subject premises after Defendant Shiraishi

vacates.

        9.    That this order is entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is not just reason for delay.

IT IS SO ORDERED.

Dated: May 11, 2007.



                                          _____
                                          Samuel P. King
                                          Senior United States District Judge

United States of America v. Shiraishi, Civ. No. 04-00678SPK/KSC, Order (1) DENYING DEFENDANT'S MOTIONS AND (2) APPROVING REPORT OF COMMISSIONER, CONFIRMING SALE, DIRECTING DISTRIBUTION OF PROCEEDS, FOR WRIT OF POSSESSION, AND FOR DISPOSAL OF PERSONAL PROPERTY

LIBER 13026 PG 135

EXHIBIT "A"

ALL of that certain parcel of land situated on the Easterly side of Paheehee Road, at Lualualei, Waianae, Oahu, Hawaii, being a portion of Grant 9291 to Miguel L. Guerrero (being also a portion of Lot 166 of Lualualei Homesteads), and being more particularly described as follows:

Beginning at the Northwest corner of this parcel of land on the Easterly side of Pahechee Road, being also the Southwest corner of Lot 11 of Puhawai Farm Lots, File Plan 883, the coordinates of which referred to Government Survey Triangulation Station "PAHEEHEE-UKA" being 922.94 feet North and 1,259.65 feet East and running by azimuths measured clockwise from true South:

1. 258° 35'   1,032.85 feet along Lots 11, 10, 9, 14 and 15 of Puhawai Farm Lots, File Plan 883;

2. 348° 35'   400.00 feet along remainder of Grant 9291 to Miguel L. Guerrero;

3. 78° 35'   403.85 feet along Grant 7823 to G. W. Pinchaka;

4. 168° 35'   380.00 feet along remainder of Grant 9291 to Miguel L. Guerrero;

5. 78° 35'   641.25 feet along remainder of Grant 9291 to Miguel L. Guerrero;

6. 200° 04'   23.45 feet along the Easterly side of Pahcehce Road to the point of beginning and containing an area of 4.000 acres.

Being all of the land conveyed to the Grantor herein by Deed dated November 9, 1977, and recorded in said Bureau of Conveyances in Liber 12761, Page 785.

EXCEPTING AND RESERVING unto the Grantors the right to designate, use and enjoy and grant to Hawaiian Electric Company and Hawaiian Telephone Company such rights of way and easements as the Grantors may from time to time determine for transmission facilities and appurtenances for electricity and telephone services over, across, under and through the premises hereinabove granted, together with the right to enter upon said premises to construct, reconstruct, install, operate, maintain, repair and replace such lines, facilities and appurtenances, these reserved rights to be exercised in a manner that will cause the least practicable interference with the Grantee's use and occupancy of the premises.