THOM SHIRAISHI PRO SE
P.O. BOX 1063
WAIANAE, HI 96792
TELEPHONE: (808) 696-2874

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL NO. 04-00678 SPK KSC |
| Plaintiff, | ) ) | DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR STAY |
| THOM SHIRAISHI; BARBARA SHIRAISHI; DEPT. OF BUDGET AND FISCAL SERVICES, REAL PROPERTY TAX DIVISION, CITY AND COUNTY OF HONOLULU, | ) ) ) ) ) ) | OF EXECUTION OF ORDER APPROVING REPORT OF COMM- ISSIONER, CONFIRMING SALE, DIRECTING DISTRIBUTION OF PROCEEDS, FOR WRIT OF PO- |
| Defendants. | ) ) ) ) | SESSION, AND FOR DISPOSAL OF PERSONAL PROPERTY |

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF
EXECUTION OF ORDER APPROVING REPORT OF COMMISSIONER,
CONFIRMING SALE, DIRECTING DISTRIBUTION OF PROCEEDS, FOR WRIT
OF POSSESSION, AND FOR DISPOSAL OF PERSONAL PROPERTY

Defendant Thom Shiraishi, appearing Pro Se hereby submits

Defendant's Memorandum in Support of Motion for Stay of Execution

of order Approving Report of Commissioner, Confirming Sale, Dir-

ecting Distribution of Proceeds, for Writ of Possession, and

for Disposal of Personal Property.

7 C.F.R. § 1951.907 (d) provides; The government has no

discretion in not following its own regulations. This includes

the Plaintiff USDA/FSA, Assistant U.S. Attorney, Harry Yee and

federal district judge, Samuel King, who are all government

officials.

The obvious issues of material fact introduced that prohibited foreclosure were ignored from lack of any research on the part of Assistant U.S. Attorney, Harry Yee and federal district judge, Samuel King.  The lack of any reference to any case law or higher courts that have addressed these issues in Judge King's Interlocutory Decree of Foreclosure or in his Conclusions of Law, indicates no research was conducted and failed in his duty and obligation as provided in West v. Amer. Tel 311 U.S. 223; The federal court will look to all applicable statutes and to the opinions of the highest court which have dealt with the issues involved.

A competent court would have confirmed that the Plaintiff USDA/FSA had complied or non-complied with all applicable statutes or regulations before filing its foreclosure action. Had Judge King performed his duties would have found that the Plaintiff failed to comply with governments own regulations, had comitted a breach of contract of settlement funds approved in this court, denied and violated the Defendant's USDA'S Administrative appeals due process rights, his U.S. Constitution Amend. 4 and Amend. 5 due process rights as well as his Civil Rights, denying the Defendant of his right to apply for services provided by Congress for the farmers and covered by the Constitution of protected benefits.

The court documents provided that Plaintiff USDA/FSA comitted a breach of contract in a settlement agreement approved in this court in Civil NO. 85-0360. This issue alone required

the court to dismiss Plaintiff's Complaint, as any competent
person capable of exercising simple logic and common sense could
conclude that the Plaintiff withholding 57.5 percent or $115,000
of a $200,000 loan would prevent the Defendant to complete the
intended purpose of the loan and the obvious and foreseeable
consequences would result in the Defendant defaulting on his
loan, caused by the Plaintiff's breach.

Had Judge King conducted any research would have access to
a similar case, Jacoby v. Block No. N83-0024C (E.D. Mo. Jun 14,
1983). This competent judge enjoined foreclosure by FmHA upon
learning of FmHA's failure to advance the total loan amount, the
exact conditions in the instant case. This judge took note of
FmHA's role in precititating the borrowers demise. "The Plaintiff
understandably incurred debts in anticipation of a certain amount
being forwarded, Plaintiff's would probably not be in the predic-
ament they are today".  Judge King would not dismiss or enjoin
the Plaintiff's foreclosure, but would grant a foreclosure judg-
ment and an Interlocutory Decree of Foreclosure.

To support a dismissal or to enjoin foreclosure, the follow-
ing would have added support of either action. As the Plaintiff
obviously committed a breach of contract of court approved funds,
preventing the Defendant from completing the intended purpose of
loan funds, had a direct involvement in the Defendant defaulting
on his loans from the Plaintiff's breach.

1.  Little v. Hacket 116 U.S. 366, 29L Ed. 652 S. Ct. 391.
The Supreme Court ruled that; "If the Plaintiff can be said to

have been at fault in any degree, he will be held to be barred of recovery.  It is immaterial whether the Plaintiff's fault was one of action or non-action, misfeasance or non-feasance, he is held to be without remedy".  Judge King did not bar Plaintiff of recovery, but granted the Plaintiff a foreclosure judgment and an Interlocutory  Decree of Foreclosure.

2.  Plaintiff's breach of contract is liable for damages resulting from the breach.  Brajales Romero v. American Airlines Inc. 194 F.3d 288 Fed. R. Serv. 3d 1157 (1st Cir. 1999)

3.  Plaintiff's action provided a foreseeable consequence by withholding $1115,000 is on which a reasonable prudent person would anticipate as likely to result from the performance or non-performance of an act. Cleveland v. Rotman 297 F.3d 569 (7th Cir. 2002)

4.  Title 42 § 1983; Civil Action for Deprivation of Rights. Every person who, under the color of any statute, ordinance, re-gulation, custom or usage, of any State or Territory or the dis-trict of Columbia subjects or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law".  The actions of the Plaintiff denying the Defendant of his USDA'S Administrative Appeals due process rights, his U.S. Constitution Amend. 4 and Amend. 5 due process rights and his Civil Rights to apply for programs provided by Congress for the benefit of the farmers and covered by the Constitution

4

of protected benefits, and Assistant U.S. Attorney Harry Yee ignoring the Defendant's rights denied by the Plaintiff and approved by Judge King has no standing to be granted with a foreclosure judgment or an Interlocutory Decree of Foreclosure.

5.  Injury and harm must be one that could have been avoided if the Plaintiff USDA/FSA had not breached its duty of care and contract of court approved funds by withholding $115,000 from the Defendant. Brajales Romero v. American Airlines Inc 194 F.3d 288 Fed R. Serv. 3d 1157 (1st Cir. 1999)

6.  Block v. Neal 103 S.Ct. 1089 (1983); The Supreme Court ruled under the good Samaritan Doctrine, that one who undertakes to act even gratuitously is required to exercise due care and will be liable for damages resulting from failure to do so. Plaintiff USDA/FSA, Assistant U.S. Attorney Harry Yee and federal district judge, Samuel King's actions do not display exercising any due care.

These few Supreme Court rulings and court cases has more credibility than the actions of the Plaintiff USDA/FSA, Assistant U.S. Attorney or federal district judge, Samuel King, that the 9th Circuit Court of Appeals will address.

Had Judge King conducted any research of Plaintiff's actions pursuing foreclosure and complying with West v. Amer. Tel, "The federal court will look to all applicable statutes and to the opinions of the highest court which have dealt with the issues involved", would have obtained further support of a dismissal or enjoining foreclosure that this farmer will provide  from his

limited hours of research and limited legal knowledge as a
pro se litigant.

Before Plaintiff can pursue foreclosure, there are govern-
ment mandated instructions, referred to as statutes or regulations
and must be complied with, or any foreclosure action must be dis-
missed.

7.  7 C.F.R. § 1951.907 (d) provides; The government has no
discretion in not following its own regulations, and the Plaintiff,
Assistant U.S. Attorney, Harry Yee and federal district judge,
Samuel King had a mandated duty to comply with governments own
regulations, that documents provide were not complied with.

The following are regulations that the Plaintiff USDA/FSA
refused to comply with before filing its unauthorized frivolous
foreclosure on November 16, 2004, that Assistant U.S. Attorney
Harry Yee had no discretion to ignore the Plaintiff's non-com-
pliance, nor Judge King to ignore the Plaintiff's and Harry yee's
failure to comply with the governments own regulations that pro-
hibited foreclosure, ignored the obvious from lack of research
by Judge King before granting his foreclosure judgment and Inter-
locutory Decree of Foreclosure.

8.  7 C.F.R. § 1955.15(5) Appeals;  "Foreclosure action will
be held in abeyance while an appeal is pending. No case will be-
referred to OCG for processing foreclosure until the borrowers
appeal and appeal review have been completed". What part of will
be held in abeyance while an appeal is pending, don't the Plain-
tiff, Assistant U.S. Attorney, Harry Yee and federal district
court judge, Samuel King understand? As will be noted the Defen-

6

dant's appeal rights were violated and denied in more than one occasion. What good are appeals if they are not respected, complied with according to regulations as evidenced in the instant action by the Plaintiff, Assistant U.S. Attorney, Harry Yee and embraced by Judge King.

9.   7 C.F.R. § 1951.907(c)(3); 1962.17(b)(2)(i)(2003) If a delinquent FSA borrower has a pending application for loan servicing, the borrower is _protected_ from attempts by FSA to collect against the security property.

10.   12 C.F.R. § 614.4510(l) Forebearance Requirements; All "genuine issues of material fact" _must_ be resolved before foreclosure can be granted. Defendant's Homestead Protection was unresolved and all servicing options were not concluded.

11.   The Homestead Protection Program Agreement is a legal document and FSA and the Defendant are held to the conditions within; Item 7, "If the term of the lease has not begun on or before 2 years from the date of the agreement, the agreement shall end and be of no further force or effect".  Date of this legal document is dated January 30, 2004. Date of Plaintiff's unauthorized foreclosure is dated November 16, 2004, over a year before permitted to pursue foreclosure under regulation requirements and if there are no issue of material fact unresolved.

12.   The most compelling regulation is 7 USCS § 1981a; The Saving Grace for FmHA Farm Borrowers, another foreclosure avoidance mechanism provided by Congress and covered by the Constitution of protected benefits, meant to keep farmers, farming

while the Plaintiff USDA/FSA, Assistant U.S. Attorney, Harry Yee and federal district judge, Samuel King's actions are focused on denying the Defendant his Constitutional Rights in pursuit of Defendant's demise.

The following cases that Judge King could have obtained to support a competent conclusion in either a dismissal or enjoining of foreclosure, provided that the Defendant's right of notice and opportunity to apply for deferral relief BEFORE foreclosure is pursued as foreclosure is driven due to a monetary default.

This written notice must be provided when Plaintiff is informed or learns of Defendant's financial difficulties from circumstances beyond his control, when Plaintiff review the borrower's past production records that indicate financial difficulties, when any delinquency notice or acceleration notice is sent and before pursuing foreclosure.

The District Courts that provided that foreclosure is prohibited when the borrowers has been denied his right to apply for deferral relief by failure of the agency to provide the required notice.

1. Allison v. Block 956 F. Supp 400 (1982)
2. Jacoby v. Schuman 568 F. Supp 843 (1983)
3. Kenneth Allison v. Cavanaugh NO. 80-4226 CV-C-H (1983)
4. Gates v. Block NO. 83-6025-CV-SJ (1983)
5. United States v. Servaes (1985 WD Mo) 608 F. Supp 775
6. Chandler v. Block 589 F. Supp 876 (1983)
7. William v. Butts (NO 176-153 SD. Ga (Oct 7, 1977)
8. Coleman v. Block AL-83-47-CV (S.D. Dak. May 1983)

The Appeal Courts that supported the District Courts rulings

and that <u>enjoined foreclosures, foeclosure sales and eviction</u>, are cases and opinions that have set a precedent that Judge king failed his duties and obligation to look to all applicable statutes and to the opinion of the highest court which have dealt with the issues involved, provided his foreclosure judgment and interlocutory Decree of Foreclosure that lacks any merit from obviously lack of research.

    1.   Curry v. Block (class action) 738 F.2d 1556 C.A. 11 (Ga) Aug 15, 1984

        2.   Shick v. FmHA (1984, C.A. 1 Mass) 748 F.2d 35
        3.   U.S. v. Wynn 528 F.2d 1048, C.A. 5 (Ga) March 18, 1976
        4.   Ramey v. Block 738 F. 2d 756 @ 763 (6th Cir 1984)
        5.   Allison v. Block 723 F.2d 631 (8th Cir. 1983)
        6.   Smith v. Block (1986 C.A. 9 Idaho) 748 F. 2d 933
        7.   Matzke v. Block (1984, C.A. 10 Kan) 732 F.2d 799

    The 9th Circuit Court of Appeals joining the 1st, 5th, 6th, 8th, 10th and the 11th Circuit of Appeals in setting the precedent that foreclosure is prohibited if the borrower has been denied of the required written notice of his right to apply for deferral relief pursuant to 7 USCS § 1981a, is unlikely to overturn its ruling in Smith v. Block (1986 C.A. 9 Idaho) 748 F. 2d 933 to accomodate the Plaintiff USDA/FSA, Assistant U.S. Attorney Harry Yee's failure to comply with governments own regulations or Judge King's erroneous foreclosure judgment and Interlocutory Decree of Foreclosure that lacks any credibility, in that Judge King did not provide <u>one</u> precedent case to support his Interlocutory Decree of Foreclosure, in attempts to set his own precedent.

The third issue that barred Plaintiff's foreclosure is USDA'S Administrative Appeals due process rights.

7 C.F.R § 1955.11; Foreclosure action will be held in abeyance while an appeal is pending. What part of this regultion doesn't the Plaintiff USDA/FSA, Assistant U.S. Attorney, Harry Yee or federal judge, Samuel King understand? This is a government regulation and 7 C.F.R. § 1951.907(d) provides; The government has no discretion in not following its own regulations.

13. On November 16, 2004, Plaintiff USDA/FSA through Assistant U.S. Attorney Harry Yee would file its unauthorized frivolous foreclosure, while the Defendant had lodged his appeal with the Secretary of Agriculture and the National Appeals Division to address the Plaintiff's adverse decisions on Defendant's Homestead Protection application.

14. In August 2006 when the Plaintiff USDA/FSA refused to allow the Defendant to apply for Homestead Protection, filed an appeal with the USDA'S National Appeals Division (NAD)

15. Despite Assistant U.S. Attorney Harry Yee was aware of Defendant's appeal and provided regulation 7 C.F.R. § 1951. 907; The account will not be liquidated until the borrower has the opportunity to appeal any adverse decision", Harry Yee would not cancel the auction scheduled for September 19, 2006.

16. In order to protect the Defendant's USDA'S Administrative appeals due process rights, his U.S. Constitution Amend. 4 and Amend. 5 due process rights and his Civil Rights, filed for bankruptcy on September 8, 2006.

17.  Defendant would be granted an Order for his Motion
for Relief of Stay to allow the National Appeals Division (NAD)
to proceed with Defendant's appeal and barred Harry Yee from
pursuing another auction while the appeal was being addressed.
Despite the governments own regulations prohibited the sale of
Defendant's property while his appeal was pending, Harry Yee
ignored governments own regulations and sold Defendant's prop-
erty at auction on January 9, 2007.

18.  Assistant Harry Yee  would not defy the governments
own regulation and deny and violate the Defendant's USDA'S Admin-
istrative appeals due process rights, his U.S. Constitution Amend.
4 and Amend.5 due process rights and his Civil rights not once
but three times at the blessing of Judge King.

19.  What good or purpose does any appeal provide when its
documented that the Assistant U.S. Attorney, Harry Yee will ignore
governments own regulations on appeals and approved by Judge King.

20.  An inmates appeal rights are respected and protected,
while Harry Yee selling Defendant's property while he has an ap-
peal pending with the National Appeals Division with the approval
of Judge King is akin to executing the inmate before his appeal
is heard.

21.  Records show that Judge King will render Conclusions
that defy simple logic and common sense. In his Conclusions of
Law, provides; .."he did not open the required escrow account
by July 2, 2004".. Had Judge King taken the time to review the
Offer to Convey Security, a legal document, would have found that

11

this <u>legal document</u> has no provisions requiring an opening of

an escrow account  or within any time frames.  Had Judge King

researched all applicable statutes or the opinions of the highest

court addressing the issues, would have obtained; Dalehite v.

United States 346 U.S. 15 (1953); Gross v. United States 676

F.2d 295 (1982) and Green v. United States, <u>Supra</u>, held that

discretionary function exception applies to judgments at the

planning level and decisions involving policy judgment, but <u>not</u>

<u>at the operational level</u>. Adding conditions and time frames to

a legal document must be generated by the Plaintiff USDA/FSA that

does not posess the discretionary function exception, and is not

actionable unless stipulated, agreed to and signed and attached

to the original document as an amendment. Further, the courts

nor any Judge King has the authority to impose conditions and

time frames that is not included within the legal document or

amendment attached to the original document at the time of offer

and acceptance, therefore, Judge King's  conclusions that the

Defendant was required to open an escrow account by July 2, 2004

is baseless and without merit.

22.  Judge King then provides; "Further, Plaintiff USA es-

tablished that the applicable federal regulation does not prohibit

acceleration and foreclosure of loans while Defendant SHIRAISHI's

homestead protection was pending."   It is obvious of Judge King's

failure to perform his duties and obligations in conducting re-

search before providing his conclusions, as he would have obtained

the regulations and court rulings that must be complied with before

acceleration and foreclosure is pursued, as provided within items 1 through 17.

23.  It is obvious that had the Plaintiff USDA/FSA, Assistant U.S. Attorney and federal Judge King could exercise simple logic and common sense, had any integrity, moral standards or conscious, would have corrected the Plaintiff's breach of contract of withholding of $115,000 in court approved funds that would have cleared the default caused by Plaintiff's breach that drove the foreclosure action, nullifying the foreclosure and would have allowed the Defendant the opportunity to complete the intended purpose of the funds that would have allowed to clear the Defendant's loans.

24.  Another issue Judge King provides in his Conclusions of Law is his item 7. Defendant's defense that Plaintiff USA is not entitled to foreclose because he was not paid certain loan proceeds was not proven by credible evidence or testimony at trail. What more proof is required when Assistant U.S. Attorney Harry Yee could only provide evidence that only $85,000 was disbursed from the $200,000 Farm Ownership loan and could not account for the missing $115,000. Judge King from his lack of research failed to obtain the regulations, and court rulings provided by the Defendant in Items 1 through 6.

25.  Another erroneous order of Judge King is in his Judgment and Interlocutory Decree of Foreclosure, Item 1; "The mortgages shall be and are foreclosed as prayed for, and the property covered by the mortgages shall be sold at public auction

in a manner authorized by law.

25.  The Plaintiff USDA/FSA were the lein holders of the mortgages on Defendant's property, not this court. When Judge King foreclosed on the mortgages, Plaintiff USDA/FSA were no longer the lein holders, but became the legal owners of Defendant's property, not the Court.

26.  To further support this conclusion is provided by Assistant U.S. Attorney, Harry Yee in his foreclosure Complaint; "this civil action by Plaintiff United States of America (hereinafter referred to as Plaintiff) for the benefit and credit of the United States Department of Agriculture, Farm Service Agency". Therefore, Judge King's foreclosure judgment and interlocutory decree of foreclosure is for the credit of USDA/FSA and not the court.

27.  Any agency, entity or individual that holds leins on mortgages on real property and files for foreclosure and granted an Interlocutory Decree of Foreclosure, determines if the property will be retained or sold, not any court or Judge King.

28.  Judge King did not cite the authority that allows him to deny the USDA to comply with own regulations upon acquiring Defendant's property through foreclosure, that provides the Defendant's right to apply for the Homestead Protection, therefore denying the Defendant his USDA'S administrative due process rights, his U.S. Constitution Amend. 4 and Amend. 5 due process rights and his civil rights.

29.  7 USCS § 2000 (b) provides; "Occupancy of Home-
stead upon foreclosure"  What part of this statement doesn't the
Plaintiff USDA/FSA, Assistant U.S. Attorney, Harry Yee or Federal
Judge, Samuel King understand? USDA must comply with this regu-
lation and Defendant must be provided his right to apply for the
Homestead Protection upon foreclosure. Judge King provides this
in his Judgment and Interlocutory Decree of Foreclosure. "The
mortgages shall be and are hereby foreclosed as prayed for" ..

30.  USDA/FSA may proceed with a foreclosure sale if the
Defendant is denied the Homestead Protection by Plaintiff USDA/FSA,
upon appeal with the National Appeals Division and by a judicial
review, not before. Judge King provided no authority that his
order to sell the USDA'S property without its request is author-
ized by law.

31.  Had Judge King conducted any research on the Home-
stead Protection issue would have found that it provided the
recipient the option to repurchase the property from USDA before
the end of the 5 year lease. Common sense would provide that if
the property is sold, it would deny the Defendant his right to
apply as well the potential of repurchasing the property.

32.  Judge Kings order defying opinions of district courts
and appeals courts addressing the same issues in the instant case
has joined the Plaintiff USDA/FSA, Assistant U.S. Attorney, Harry
Yee in denying and violating the Defendant's USDA's Administrative
appeals due process rights, his U.S. Constitution Amend. 4 and 5
due process rights and his Civil Rights.

33.   Their actions that were addressed by district courts, appeal courts and the Supreme Court, follows.

    a.  The governments breach of a statutory duty gives Defendant a claim for damages based on an act of Congress.  Davis v. Romney 335 F Supp 29 (E.D. Pa 1973)

    b.  USDA/FSA's duties created in its statutes and re gulation in processing its services and programs become contract rights and when a borrower relies upon the representation and FSA fails to perform its statutory duties, gives rise for claim of relief. Kipf v. U.S. F. Supp 110 (D. Mont. 1980)

    c.  Administrative procedures adequately states Constitutional claims. Shick v. FmHA (1988 D.C. Mass) 611 F. Supp 260)

    d.  The law is clear that "judicial review" is available when the administrative agency fails to follow procedures outlined in regulations adopted by that Administrative Agency. Graham v. Caston 568 F.2d 1092, 1097 (1978); Accardi v. Shaughnessy 347 U.S. 260.98 L. Ed 681 (1954)

    e.  7 C.F.R. § 1900.53; Gives an individual a private cause against federal officials who violate the individuals right under the 5th Amendment.

    f  The Supreme Court held that no person can exempt himself/herself from liability for his/her negligence in the performance of a duty imposed upon him/her by law,especially a duty imposed upon him/her for the benefit of the public. Cato v. Grendel Cotton Mill 132 S.Ct.454, 129, SE 203, 41 ALR 439; Wertz v. Western U. TEL. Co. 7 UTAH 446 27P172

    g.  28 USC 1346(b) The government has consented for intentional or negligent torts by government employees.

h. It is sufficient that Plaintiff's act may in pro-
bability produce harm or injury to Defendant.
Parker v. City and County of San Francsico 323
P.2d 108, 158 C.A. 2d 597; Monterrosa v. Grace Lines
204 P.2d 37790 C.A. 2d 826

i. Plaintiff acting arbritrarly and in violation of its
own regulations has standing to be sued. Armstrong &
Armstrong v. U.S. 514 F2d 402 (C.A. Wash 1975)

j. FSA officials can be sued in their "individual capa-
cities for harms occuring from their conduct outside
the scope of their employment, even though they have
acted under the color of state office is held liable
under state tort law. Johnson v. Busby Civ. NO 79-
1045 (S.D. 1987)

k. Deprivation of property rights without due process
Miller v. Stanmore 636 F. 2d 986 (5th Cir. 1981)

l. The Supreme Court held that a violation of a person's
fourth Amendment rights by federal officials, acting
under color of federal law, gives rise to a federal
cause of action for damages for the unconstitutional
conduct. The actions of Plaintiff USDA/FSA, Assistant
U.S. Attorney, Harry Yee's actions approved by Judge
King. Bivens v. Six Unknown Named Agents of Federal
Bureau of Narcotics. 403 U.S. 388, 91 S.Ct.1999, 29
619 (1971)

m. "Victims of a violation of the Federal Constitution
by a federal officer have a right under Bivens to
recover damages against the officer in federal court
despite the absence of any statute conferring such
a right. Carlson v. Green 446 U.S. 14, 100 S.Ct.
1468, 64 L.Ed. 15(1980)

n. The Supreme Court extended the violations under the
Bivens Doctrine to the Fifth Amenment, that the
Plaintiff USDA/FSA and Assistant U.S. Attorney Harry

17

Yee continuously violated.

o.  42 U.S.C. § 1986; Dealing with actions for neglect
or refusal to prevent conspiracies to interfere
with Civil Right and provides remedy for persons
injured by the neglect and refusal of those having
the power to do so to prevent the wrong. Plaintiff
USDA/FSA and Assistant U.S. Attorney , Harry Yee
had many opportunities to curtail its conspiracy,
knowing their actions were prohibited by the govern-
ments own regulations refused to curtail their con-
apiracy.

p.  28 USC § 1343(a)4) To recover damages or secure
equitable or other relief under any act of Congress
providing for the protection of civil Rights under
7 C.F.R. § 1901.202

q.  Title 28 § 1343; Civil Rights; To recover damages
for injury to his person or property, or because of
deprivation of any right or privelege of a citizen
of the United States, by an act done in furtherance
of any conspiracy.

Plaintiff USDA/FSA has caused the Defendant to default
on his loans from Plaintiff's breach of contract with-
holding $115,000 in court approved funds, deprived the
Defendant of the Homestead Protection determined eli-
gible on September 14, 2001 by refusing to comply with
with its own regulations, deprived and denied the
Defendant of his USDA Administrative Appeals Due Pro-
cess rights, his U.S. Constitution Amend. 4 and 5 due
process rights and his civil rights by filing an un-
authorized foreclosure on November 16, 2004, and con-
tinued to defy its own regulations by denying the
Defendant to apply for the Homestead Protection after
USDA acquired Defendant's property through foreclosure

18

and refusing to comply with the governments own
regulations on Defendant's USDA'S Administrative
Appeal  due process rights, sold the Defendant's
property on Janurary 9, 2007 while the National
Appeals Division was reviewing the Defendant's
appeal hearing and despite Assistant U.S. Attorney
Harry Yee was provided 7 C.F.R. § 1951.907; "The
account will not be liquidated until the borrower
has the opportunity to appeal any adverse decision".

r.  262 F.2d 486; If there is no statute or case law in
point, the federal court must attempt to predict
what position the state court would take in such a
case".  Judge King did not have to predict any po-
sition, there were ample regulations, district court,
appeal court and supreme court ruling and opinions
that had already set a precedent that Judge King ig-
nored from lack of any research.

s.  West v. Amer. Tel 311 U.S. 223; "The federal court
will look to all applicable statutes and to the op-
inions of the highest court which have dealt with
the issues involved. Judge King provides not one
single statute, case law in point or precedent set-
ting cases in support of his foreclosure judgment
or Interlocutory Decree of Foreclosure. Had Judge
King performed his duties, would have issued an
Opinion and Order similar as provided in Civil NO.
78-533PA; United States District Judge Owen M.
Panner that displays the judge pursued all means in
to render his opinion as provided in West v. Amer.
Tel.

Defendant provided many of the references within this
instant memorandum in Defendant's Motion for Temporary Restran-
ing Order filed on January 29, 2007 and Defendant's Motion for

Recinding Interlocutory Decree of Foreclosure and Confirmatiom
hearing on Defendant's property sold January 9, 2007, filed
on February 12, 2007.

Judge King had ample time to review the regulations,
district court, appeal court rulings that prohibited his fore-
closure judgment and interlocutory decree of foreclosure before
the hearing date of April 25, 2007 to acknowledge his error,
and rather than granting Defendant's motion to Recind his fore-
closure judgment and Interlocutory Decree of Foreclosure, gran-
ted the Plaintiff its Order approving Report of Commissioner,
Confirmation Sale, Directing Distribution of Proceeds, for Writ
of Possession, and for Disposal of Personal Property, that the
9th Circuit Court of Appeal will address the issues provided
within, should Defendant's Motion for Stay of Execution is denied.

Defendant's Motion for Stay of Execution must be granted
if any justice is to be restored to Defendant's USDA Administra-
tive appeals due process rights, his U.S. Constitution Amend.4
and Amend. 5 due process rights, and his Civil Rights.

All appeal rights must be recognized, honored, respected
and complied with, and in the instant action, Defendant's pending
appeal with USDA'S National Appeals Division must be allowed
to be concluded, as well as Defendant's appeal with the 9th Cir-
cuit Court of Appeals on JUdge Kings Interlocutory Decree of
Foreclosure be concluded and any other appeal rights available.

Judge King in providing at the hearing on April 25, 2007,
that many of his decisions have been overturned is no suprise
by his Foreclosure Judgment and Interlocutory Decree of Fore-

closure that defies simple logic and common sense when all the regulations, district court, appeal court and supreme court rulings were at his disposal and must have no conscious what consequences were faced by the victims of his unjust rulings that may have been prevented if his actions were consistent with the instant case.

To grant Defendant's Motion for Stay of Execution will not prejudice the Plaintiff that have displayed its complete disregard for the governments own regulations and willing to deny and violate Defendant's USDA Administrative procedural and appeal due process rights, the U.S. Constitution Amend 4 and Ament 5 due process rights and the Defendant's Civil Rights. Defendant has been prejudiced from past actions of the Plaintiff, Assistant U.S. Attorney, Harry Yee and Judge King , and will be further prejudiced if denied his USDA Administrative Appeals due process rights that is currently pending as well as his appeal with the 9th Circuit Court of Appeals, to allow the Defendant his right to apply for Homestead Protection with an option to repurchase the property, that would be denied by allowing the Order for Confirmation Sale to proceed.

Therefore, the Defendant requests this Court to comply with Defendant's appeal rights and grant his Motion for Stay of Execution.

DATED: Honolulu, Hawaii, May 15, 2007.

THOM SHIRAISHI PRO SE

21